# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Relf v. Shatayeva*, 2012 IL App (1st) 112071

---

| | |
|---|---|
| Appellate Court Caption | SANDRA RELF, Plaintiff-Appellant, v. NATASHA SHATAYEVA, as Special Administrator for the Estate of Joseph Grand Pre, Jr., Deceased, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-11-2071 |
| Filed | August 7, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a personal injury action where plaintiff learned that defendant had died before she filed her original complaint, but she properly followed the requirements of section 13-209 of the Code of Civil Procedure by diligently substituting a personal representative and she served the representative within two years of the time limited for commencement of the action, the judgment dismissing the complaint pursuant to section 2-619 of the Code was reversed and the cause was remanded. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-M1-300459; the Hon. James E. Snyder, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Nemeroff Law Offices, Ltd., of Chicago (David Nemeroff and Adam S. Goldfarb, of counsel), for appellant.

Bruce Farrel Dorn & Associates, of Chicago (Ellen J. O'Rourke and Jean M. Bradley, of counsel), for appellee.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion.

Presiding Justice Quinn and Justice Cunningham concurred in the judgment and opinion.

**OPINION**

¶ 1   Plaintiff, Sandra Relf, filed a personal injury action against decedent Joseph Grand Pre, Jr., who, unbeknownst to her, had passed away before she filed her complaint. Upon learning of decedent's death, plaintiff requested that a special administrator be appointed, which the circuit court granted. Defendant, Natasha Shatayeva, as special administrator for the estate of Joseph Grand Pre, Jr., deceased, filed a motion to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2010)), alleging that plaintiff's complaint against decedent was a nullity and void because, prior to the filing of the complaint, a probate estate had already been established for decedent. The circuit court granted defendant's motion to dismiss. At issue is whether the circuit court properly granted defendant's section 2-619 motion to dismiss. We hold that the circuit court erred in granting defendant's motion to dismiss. Plaintiff was unaware decedent had passed away prior to the filing of her personal injury action. Upon learning of decedent's death, plaintiff properly proceeded according to the requirements of section 13-209(c) of the Code. 735 ILCS 5/13-209(c) (West 2010).

¶ 2                                    JURISDICTION

¶ 3   On June 20, 2011, the circuit court granted defendant's motion to dismiss pursuant to section 2-619 of the Code. 735 ILCS 5/2-619 (West 2010). On July 20, 2011, plaintiff timely filed her notice of appeal. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                                    BACKGROUND

¶ 5   On February 22, 2010, plaintiff filed a complaint alleging decedent, whom she believed was named Joseph Grand, negligently operated a motor vehicle which collided with her motor vehicle on or about February 21, 2008. Due to this collision, plaintiff suffered personal

-2-

injuries. On that same day, summons was issued to serve decedent. After the Cook County sheriff was unable to serve decedent, plaintiff filed a motion to appoint a special process server on April 23, 2010. The circuit court appointed a special process server on May 11, 2010.

¶ 6        On September 24, 2010, plaintiff filed a motion to spread death of record and for leave to appoint a special administrator. In her motion, plaintiff alleged that on or about May 17, 2010, she received notification from the special process server informing her that Joseph Grand had passed away on April 25, 2008. Plaintiff attached to her motion a document from the special process server, which stated "[a] search for Joseph Grand A/K/A Joseph H. Grand Pre discovered him to have been deceased as of 04/25/2008." Plaintiff alleged further that she "suggests appointing Natasha Shatayeva, an employee/legal assistant of [her counsel] to serve as special administrator of the Estate of Joseph Grand, deceased." Plaintiff also alleged that she was "unaware *** if any personal representative has been appointed by the Estate of Joseph Grand." Plaintiff requested that the circuit court enter an order to spread the death of record of decedent; to appoint Shatayeva as special administrator; and to allow leave to file a first amended complaint.

¶ 7        On October 5, 2010, the circuit court granted plaintiff's motion to spread death of record and for leave to appoint a special administrator. The court appointed Natasha Shatayeva as the special administrator of the estate of Joseph Grand, deceased, and granted plaintiff leave to file a first amended complaint.

¶ 8        On October 6, 2010, plaintiff filed her first amended complaint, which named as the party defendant Natasha Shatayeva, as special administrator for the estate of Joseph Grand, deceased. On that same day, defendant was served.

¶ 9        On December 9, 2010, defendant filed a motion to dismiss plaintiff's lawsuit pursuant to Illinois Supreme Court Rule 103(b). Ill. S. Ct. R. 103(b) (eff. July 1, 2007). Defendant alleged plaintiff did not act with reasonable diligence in effecting service of process upon her. The circuit court denied defendant's motion on February 28, 2011.

¶ 10       On March 4, 2011, plaintiff filed a motion to correct misnomer. In her motion, plaintiff requested leave to file a second amended complaint amending decedent's name to be Joseph H. Grand Pre, Jr., instead of Joseph Grand. The circuit court granted plaintiff's motion to correct misnomer on March 21, 2011, and allowed plaintiff to file a second amended complaint.

¶ 11       On March 28, plaintiff filed her second amended complaint which named as defendant "Natasha Shatayeva, as special administrator for the estate of Joseph H. Grand Pre, Jr., deceased."

¶ 12       Subsequently, defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code. 735 ILCS 5/2-619 (West 2010).[1] In her motion, defendant alleged

---

[1]We were not able to decipher from the record what date defendant filed her motion to dismiss pursuant to section 2-619 of the Code. 735 ILCS 5/2-619 (West 2010). Additionally, defendant did not specify what subsection of section 2-619 of the Code she was proceeding under. 735 ILCS 5/2-619 (West 2010).

that on August 13, 2008, a petition for probate for decedent Joseph Grand Pre, Jr., was filed in the probate division of the circuit court of Cook County. On February 22, 2010, plaintiff filed her complaint against decedent, whom she believed was named Joseph Grand. Defendant alleged further that "[d]espite the fact that a probate estate had been established for decedent, on October 6, 2010, [p]laintiff filed a [f]irst [a]mended [c]omplaint" against defendant. Defendant argued that because decedent predeceased plaintiff's original complaint, the complaint was a nullity and, thus, void. Defendant also argued that section 13-209(b) of the Code was "inapplicable to the instant case as [p]laintiff's [f]irst [a]mended [c]omplaint was not brought against a personal representative and it was not brought within six months after [decedent's] death." See 735 ILCS 5/13-209(b) (West 2010). Defendant argued further that plaintiff did not comply with section 13-209(c) of the Code, stating that "a petition for probate had already been established for decedent and there was no notice to the party's heirs or legatees. Therefore, the appointment of a special 'administrator' was improper." See 735 ILCS 5/13-209(c) (West 2010). Defendant requested that plaintiff's "[f]irst [a]mended [p]etition and any other amendments" be dismissed.

¶ 13    In response, plaintiff argued that at the time she filed her lawsuit in the matter, she was unaware of decedent's death and she was unable to determine whether an estate had been opened on decedent's behalf. Once she learned of decedent's death, she sought leave to name a special administrator and to spread the death of record. In regard to her prior filings naming decedent as Joseph Grand as opposed to Joseph H. Grand Pre, Jr., plaintiff alleged she "relied on the IL Traffic Crash report which had the name Joseph Grand listed as the [decedent]." Plaintiff maintained that she fully complied with section 13-209(c) of the Code. 735 ILCS 5/13-209(c) (West 2010). Specifically, she stated that she exercised reasonable diligence in substituting defendant as special administrator; that on October 5, 2010, the court spread decedent's death of record and appointed defendant as special administrator; that she exercised reasonable diligence in serving defendant on October 6, 2010; that she is aware that decedent's estate "has liability insurance to satisfy plaintiff's damages in this matter"; and that defendant was served within two years of the filing of the amended complaint. Plaintiff also stressed that her amended complaint relates back to the original complaint filed in the matter.

¶ 14    On June 20, 2011, after a hearing on the matter, the circuit court granted defendant's motion to dismiss pursuant to section 2-619 of the Code. 735 ILCS 5/2-619 (West 2010). No transcript of the proceedings is in the record; however, the circuit court did state in its order that it "finds defendant's motion has merit."

¶ 15    On July 20, 2011, plaintiff timely appealed.

¶ 16                                ANALYSIS

¶ 17    Before this court, plaintiff argues the circuit court erred in granting defendant's section 2-619 motion to dismiss because she fully complied with section 13-209(c) of the Code. Specifically, she argues that she was unaware of decedent's death when she commenced the action, she moved diligently to substitute a personal representative as defendant, she moved diligently to serve the personal representative, decedent and his estate are protected by

liability insurance, and the personal representative was served within two years of the time limit for commencement of this action.

¶ 18 In response, defendant argues that plaintiff's amended complaint was properly dismissed because an estate for decedent had already been opened. Defendant maintains that subsection (b) of section 13-209 of the Code, rather than subsection (c), is the proper subsection for this court to follow. 735 ILCS 5/13-209(b), (c) (West 2010). Accordingly, defendant argues plaintiff was required to name the representative of the estate as a defendant.

¶ 19 Section 2-619 of the Code allows for involuntary dismissal of a claim by asserting " 'affirmative matter' outside of the pleading." *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008) (quoting *Wallace v. Smyth*, 203 Ill. 2d 441, 447 (2002)). "When ruling on such a motion, the court must construe the pleadings and supporting documents in the light most favorable to the nonmoving party." *Lata*, 227 Ill. 2d at 369. When parties proceed under section 2-619 of the Code, the legal sufficiency of the complaint is admitted. *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 396 (2009). Our standard of review of a section 2-619 motion is *de novo*. *Lata*, 227 Ill. 2d at 369.

¶ 20 Section 13-209 of the Code addresses the death of a party. 735 ILCS 5/13-209 (West 2010). Section 13-209 contains three subsections, (a), (b), and (c). 735 ILCS 5/13-209 (West 2010). Subsection (a) provides for when "a person entitled to bring an action dies" and, therefore, does not apply to the case at bar because the plaintiff is still alive. 735 ILCS 5/13-209(a) (West 2010). Subsections (b) and (c) of section 13-209 provide, in relevant part:

"(b) If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred:

(1) an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death;

(2) if no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims.

(c) If a party commences an action against a deceased person *whose death is unknown to the party* before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all of the following terms and conditions are met:

(1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.

-5-

(2) The party proceeds with reasonable diligence to serve process upon the personal representative.

(3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.

(4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action." (Emphasis added.) 735 ILCS 5/13-209(b), (c) (West 2010).

¶ 21   This court has held that the legislature enacted subsection (c) of section 13-209 of the Code "to specifically address situations where a plaintiff is unaware, at the time she files her action, that a named defendant is dead." *Minikon v. Escobedo*, 324 Ill. App. 3d 1073, 1078 (2001); see also *Augustus v. Estate of Somers*, 278 Ill. App. 3d 90, 98 (1996) ("It appears the legislature intended to address the situation where a plaintiff, because of carelessness, is *unaware* of a proposed defendant's death and names that deceased person as the defendant in the plaintiff's complaint." (Emphasis in original.)); *Keller v. Walker*, 319 Ill. App. 3d 67, 71 (2001) ("The legislature added 13-209(c) to specifically address situations where plaintiffs are unaware that a deceased person was named as the defendant."). Accordingly, section 13-209(c) only allows a plaintiff to proceed against a deceased personal representative if the plaintiff, at the time of the filing of the original complaint, did not know about the deceased's death. *Augustus*, 278 Ill. App. 3d at 97-98.

¶ 22   In reviewing a statute, our objective "is to ascertain and give effect to the intent of the legislature." *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 56. In doing so, we look to the plain and ordinary meaning of the language of the statute. *Id.* "We will not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent of the legislature." *Id.* Further, we will not utilize extrinsic aids of statutory interpretation unless the statutory language is unclear or ambiguous. *Id.*

¶ 23   We hold that the circuit court erred in granting defendant's section 2-619 motion to dismiss because plaintiff properly proceeded under section 13-209(c) of the Code. 735 ILCS 5/13-209(b), (c) (West 2010). Although defendant urges this court to affirm the dismissal of plaintiff's complaint based on subsection (b) of section 13-209 of the Code, we hold that subsection (c) of section 13-209 is the applicable section in this case because plaintiff commenced an action against a person that she did not know was deceased. 735 ILCS 5/13-209(b), (c) (West 2010). The plain language of subsection (c) states "[i]f a party commences an action against a deceased person *whose death is unknown to the party* before the expiration of the time limited for the commencement thereof." (Emphasis added.) 735 ILCS 5/13-209(c) (West 2010). In this case, plaintiff did not know of decedent's death until after she filed her original complaint. This is not disputed by defendant.

¶ 24   We disagree with defendant that subsection (b) of section 13-209 applies in this case because unlike subsection (c), it does not contemplate that a plaintiff would not know about a defendant's death. 735 ILCS 5/13-209(b), (c) (West 2010). Under subsection (b)(1) of

section 13-209, an action against a personal representative has to be commenced within six months of the person's death. 735 ILCS 5/13-209(b) (West 2010). In this case, plaintiff did not become aware of decedent's death until approximately two years after the death. It is unreasonable, and in this case it would have been impossible, to force a plaintiff to commence an action against a personal representative within six months of a decedent's death when the plaintiff does not even know that the decedent had died.[2]

¶ 25 We acknowledge that the Third District of this court, in *Keller v. Walker*, 319 Ill. App. 3d 67 (2001), stated the following:

"Although section 13-209(c) does not specifically state how a personal representative is to be appointed, section 13-209 (b)(2) of the Code addresses this procedure. 735 ILCS 5/13-209 (b)(2) (West 1998). When a person against whom an action may be brought dies before the expiration of the time limited for the commencement of the action, section 13-209(b)(2) provides that 'the court, upon the motion of a person entitled to bring an action ***, may appoint a special representative for the deceased party for the purposes of defending the action' if no petition has been filed for letters of office for the deceased's estate. 735 ILCS 5/13-209 (b)(2) (West 1998)." *Keller*, 319 Ill. App. 3d at 71.

Initially, we note that under the doctrine of *stare decisis* we are not required to follow *Keller*. See *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008) (under the doctrine of *stare decisis*, "the opinion of one district, division, or panel of the appellate court is not binding on other districts, divisions, or panels"). However, we disagree with the notion that a litigant proceeding under subsection (c) would have to proceed under subsection (b) to have a special representative appointed because subsection (b) does not address plaintiffs who are unaware of the defendant's death. As stated earlier, plaintiff in this case could not proceed under subsection (b) because she did not learn of decedent's death within six months of his passing.

¶ 26 In this case, plaintiff was unaware decedent had died prior to the filing of her complaint. Plaintiff alleged, and defendant does not dispute, that she followed the requirements of section 13-209(c)(1) through (4) of the Code once she learned of decedent's death. 735 ILCS 5/13-209(c)(1)-(4) (West 2010). Namely, that she was unaware of decedent's death when she commenced the action, that she moved diligently to substitute a personal representative, that she moved diligently to serve a personal representative, that decedent and his estate are protected by liability insurance, and that the personal representative was served within two years of the time limited for commencement of the action.[3] Reviewing the pleadings in the

---

[2]Before this court defendant argues that subsection (b) of section 13-209 of the Code is applicable in this case. 735 ILCS 5/13-209(b) (West 2010). However, in her section 2-619 motion to dismiss filed before the circuit court, defendant specifically states that section 13-209(b) of the Code was "inapplicable to the instant case as [p]laintiff's [f]irst [a]mended [c]omplaint was not brought against a personal representative and it was not brought within six months after [decedent's] death."

[3]Defendant mentions in her brief that plaintiff waited four months to file a motion to spread death of record and to appoint a special administrator after receiving notice from the special process

-7-

light most favorable to plaintiff, the nonmoving party, we cannot say that she did not comply with section 13-209(c) of the Code. *Lata*, 227 Ill. 2d at 369 (when ruling on a section 2-619 motion, "the court must construe the pleadings and supporting documents in the light most favorable to the nonmoving party"); 735 ILCS 5/2-619, 13-209(c) (West 2010). This result is consistent with both the plain language of section 13-209(c) and with this court's prior holdings addressing the intent of the legislature in enacting section 13-209(c) of the Code. See 735 ILCS 5/13-209(c) (West 2010) ("[i]f a party commences an action against a deceased person whose death is unknown to the party *** the action may be commenced against the deceased person's personal representative"); *Minikon*, 324 Ill. App. 3d at 1078 ("[a]pparently, the legislature enacted section 13-209(c) to specifically address situations where a plaintiff is unaware, at the time she files her action, that a named defendant is dead"); *Augustus*, 278 Ill. App. 3d at 98 ("[i]t appears the legislature intended to address the situation where a plaintiff, because of carelessness, is *unaware* of a proposed defendant's death and names that deceased person as the defendant in the plaintiff's complaint" (emphasis in original)); *Keller*, 319 Ill. App. 3d at 71 ("[t]he legislature added 13-209(c) to specifically address situations where plaintiffs are unaware that a deceased person was named as the defendant"). Accordingly, we hold plaintiff properly proceeded under section 13-209(c) of the Code and the circuit court erred when it granted defendant's section 2-619 motion to dismiss.

¶ 27      In their briefs before this court, the parties mention that the administrator of decedent's estate is Gary Grand Pre. Plaintiff even alternatively requests that this court remand the matter and order Gary Grand Pre to be substituted as the special representative and, thus, the defendant in this case. Plaintiff, however, cites no authority in making this request. Defendant did not respond to plaintiff's alternative request. Accordingly, we make no judgment concerning the role of decedent's estate in this litigation as that issue is not presently before us.

¶ 28                                          CONCLUSION

¶ 29      The judgment of the circuit court is reversed, and the cause is remanded.

¶ 30      Reversed and remanded.

---

server that decedent may be known as Joseph Grand Pre, Jr., as opposed to Joseph Grand. However, defendant's section 2-619 motion to dismiss filed before the circuit court did not raise any challenges to the plaintiff's diligence in having a personal representative appointed. Accordingly, defendant has waived this argument. See *Kostopoulos v. Poladian*, 257 Ill. App. 3d 95, 97 (1993) ("All defects in pleadings are waived by failure to raise them in the circuit court, where they can be handled more expeditiously than on review.").