# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Walker v. Ware*, 2013 IL App (1st) 122364

---

| | |
|---|---|
| Appellate Court Caption | FRIEDA WALKER, Plaintiff-Appellee, v. DENNIS WARE, as Surviving Spouse of Anne Taplin, Deceased, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-2364 |
| Filed | March 29, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Pursuant to a certified question under Supreme Court Rule 308(a), the appellate court responded that a sheriff's return of service stating "reason not served–deceased" does not constitute knowledge of a person's death for purposes of rendering inapplicable section 13-209(c) of the Code of Civil Procedure, which allows an action to be filed against the representative of a deceased person after the time limited for commencement of the action has expired when plaintiff commences an action against a person whose death is unknown to plaintiff before the expiration of the time limited for the commencement of the action and other conditions are met. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-6542; the Hon. Drella Savage, Judge, presiding. |
| Judgment | Certified question answered. |

Counsel on
Appeal

Condon & Cook, L.L.C., of Chicago (J. Scott Gillman and Guy M. Conti, of counsel), for appellant.

Karchmar & Lambert, P.C., of Chicago (Matthew B. Karchmar, of counsel), for appellee.

Panel

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Justices Gordon and Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1    This case comes before us pursuant to Illinois Supreme Court Rule 308(a) (eff. Feb. 26, 2010). The trial court certified the following question for our review: "does a sheriff's Return of Service that states 'reason not served–deceased' constitute knowledge of a person's death such that section 5/13-209(c) of the Illinois Code of Civil Procedure (735 ILCS 5/13-209(c) (West 2008)) should not apply and not allow a plaintiff to file an action against the representative of the deceased person after the time limited for commencement thereof has expired?" Based on the following, we answer in the negative.

¶ 2                                    FACTS

¶ 3    On June 23, 2008, plaintiff, Frieda Walker, allegedly was injured on a flight of stairs at a property located at a South Eberhart address in Chicago, Illinois. The alleged owner of the property was defendant, Anne Taplin (defendant Taplin).

¶ 4    On April 9, 2009, defendant Taplin died.

¶ 5    On June 4, 2009, plaintiff filed a complaint against defendant Taplin and a summons was issued with the Cook County sheriff to serve defendant at the subject property. On June 11, 2009, the summons was returned with a notation that defendant Taplin was "deceased" and, therefore, not served. The summons indicated that the information was "per daughter."

¶ 6    On August 11, 2009, plaintiff requested that an alias summons be served to defendant Taplin at a South Loomis address in Chicago, Illinois, an address other than the subject address. The summons was returned "not served" on August 20, 2009, with another notation that defendant Taplin was "deceased." The return of service indicated that the information regarding defendant Taplin's status as "deceased" was provided by defendant's grandson, Philip Taplin.

¶ 7    On June 23, 2010, plaintiff again requested that another alias summons be issued to defendant Taplin at the South Loomis address. The summons was returned "not served" on July 2, 2010, with a notation that defendant Taplin was "deceased."

¶ 8    On October 4, 2010, plaintiff filed a motion to serve by special order of the court, claiming "[defendant] is unable to be served because her and/or her family and/or other members of her household are falsely stating that [she] is deceased." The motion and attached affidavit submitted by plaintiff's attorney indicated that plaintiff "researched online" and "went to the Cook County Office of Vital Statistics," but was unable to confirm defendant Taplin's death. The motion further stated that "a diligent inquiry as to the location of [defendant] was made and reasonable efforts to effect and/or make service upon [defendant] have been unsuccessful." The trial court denied plaintiff's motion.

¶ 9    However, on October 21, 2010, the trial court appointed a special process server to serve defendant Taplin. Service was attempted on November 2, 2010, and November 4, 2010. The process server's affidavit, dated December 6, 2010, indicated that defendant Taplin was not served because "defendant is deceased per an unidentified, African-American male relative in his mid to late 50's who resides at the address of service. The undersigned also spoke to a neighbor who was unaware of the litigation, who confirmed that defendant was indeed deceased."

¶ 10   On March 1, 2011, plaintiff was granted leave to spread defendant Taplin's death of record and to amend her complaint to name "Dennis Ware, spouse of Anne Taplin, deceased," as defendant. Ware was personally served on March 3, 2011. On April 25, 2011, defendant Ware filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2008)), arguing, *inter alia*, that plaintiff's claim was barred by section 13-209(b) of the Code. On April 25, 2011, plaintiff filed a response arguing that her complaint was timely pursuant to section 13-209(c) of the Code because, at the time the complaint was filed, defendant Taplin's death was unknown and, upon learning about defendant Taplin's death from an online search on February 15, 2011, plaintiff amended the complaint within two weeks.

¶ 11   On September 14, 2011, following a hearing, the trial court denied defendant Ware's motion to dismiss, finding plaintiff did not have knowledge of defendant Taplin's death until after the relevant statute of limitations had expired and, therefore, the complaint was not barred pursuant to section 13-209(c) of the Code. In so finding, the trial court stated:

"[T]his court has said on more than one occasion, not only in this division but other divisions as well as it relates to service of summons, we've had people tell the sheriff that the person is deceased when they in fact are not.

\*\*\*

We've had people say that someone has moved, when in fact they are the ones who are literally answering the door.

\*\*\*

Or say I don't know who this person is when they may in fact be the individual upon whom the service of process is issued.

So for those purposes, until we actually have the death spread of record and have additional information, that's what happens. But I don't take that to be conclusory one way or the other as to the fact of death or not. So I think what counsel, the movant, is arguing is that the fact that you did get this information, whether you believed it was false

or correct, it still puts you–would have put the other party on notice that the person who ordinarily would respond to the service of process, you know, it's me, give it to me at this particular address, there's someone there saying to you that this particular person is not here. But obviously until that information is validated, that raises a different question.

But I think the cases that you relied on are more on point in terms of what really happens under these circumstances in terms of whether or not due diligence is met and whether or not the 735 Illinois Complied Statutes 5/13-209 for death of a party, whether B or, you know, or C applies, and then how the court should interpret that part of the statute in light of the facts of that particular case.

I just wanted to make that clear for the record simply because I said okay, additional summons to issue, you don't have a party served, did not mean that I agree that the party was not deceased for purposes of the argument today or that I agreed that they were deceased and that the sheriff's return was valid because obviously the sheriff is going to do their affidavit or the special process server is going to do their affidavit based upon the information that they received from the address that they are attempting to serve someone at. And if someone is telling them that aside from them having been given a copy of a death certificate that says see here or an obituary or something along that line that they didn't attach to that affidavit or gave back to you, then that not being of record–I'm just surmising, basically speculating, that that might be some additional information. I don't know what else you would get except for what you ultimately got.

I think what counsel is saying here for purposes of the motion to dismiss is that having had the bit of information that you had put you on inquiry that there's more to be done as opposed to waiting until all this time expires and then doing what you do in the latter analysis.

***

So I disagree with you. You probably should have had some information before then, and that particular court [*Minikon*] says no, because you just made a bare assertion and didn't do anything else where in this particular case the movant says no, you received a return on affidavits, or the service processor basically came back with this information so you should have been on reasonable inquiry that the person you are attempting to serve was deceased, so what were your actions after that to decide whether or not this should relate back or whether you're precluded from getting the service that you got at the latter date because you would have known of the death earlier.

So it's a matter of knowing officially or not knowing officially, so I don't know if it's a difference between known or reasonably could have known based upon the information that you had, or is that something that you have to actually get full–the indicia, the official documents, to say that that's the point that you actually know.

* * *

That if you get two returns back that says the person is deceased, what is your responsibility at that point to get the best information you can get? If you have used all of your best efforts and you still don't get the information, does [13-209]C save you until you actually know of the death of the person because the return just saying deceased isn't

actually 100 percent knowing of the death of the person."

¶ 12    On October 14, 2011, defendant Ware filed a motion to reconsider. Following another hearing, the trial court denied the motion, finding that section 13-209(c) of the Code applied to the facts of the case, that plaintiff had knowledge of defendant Taplin's death as of November 2, 2010, when the affidavit of the special process server indicated that a family member reported Taplin's death, and that plaintiff "proceeded with reasonable diligence to come into court for leave to file an amended complaint" after learning of defendant Taplin's death.

¶ 13    On March 7, 2012, defendant Ware filed a motion for issuance of a Rule 308(a) finding and interlocutory appeal. On August 1, 2012, the trial court entered an order granting the motion. This court granted defendant's application for leave to appeal on September 20, 2012.

¶ 14                                  DECISION

¶ 15    This court has succinctly provided the relevant law when considering Rule 308(a) certified questions, such that:

   "Supreme Court Rule 308 provides a remedy of permissive appeal for interlocutory orders where the trial court has deemed that they involve a question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of litigation. [Citation.] We apply a *de novo* standard of review to legal questions presented in an interlocutory appeal brought pursuant to Supreme Court Rule 308(a). [Citation.] Our review is strictly limited to the certified questions presented; we do not render any opinion on the propriety of any underlying rulings of the trial court. [Citation.]" *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 398 Ill. App. 3d 773, 778 (2009).

¶ 16    Again, the Rule 308(a) certified question before this court is: "does a sheriff's Return of Service that states 'reason not served–deceased' constitute knowledge of a person's death such that section 5/13-209(c) of the Illinois Code of Civil Procedure (735 ILCS 5/13-209(c) (West 2008)) should not apply and not allow a plaintiff to file an action against the representative of the deceased person after the time limited for commencement thereof has expired?"

¶ 17    Section 13-209 of the Code provides:

   "(b) If a person against whom an action may be brought dies before the expiration of time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred:

      (1) an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death;

      ***

      (c) If a party commences an action against a deceased person whose death is unknown to the party before the expiration of time limited for the commencement

thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all the following terms and conditions are met:

(1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.

(2) The party proceeds with reasonable diligence to serve process upon the personal representative.

(3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.

(4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action." 735 ILCS 5/13-209(b), (c) (West 2008).

¶ 18    Our court has been clear that the legislature created section 13-209(c) " 'to specifically address situations where a plaintiff is unaware, at the time she files her action, that a named defendant is dead.' " *Relf v. Shatayeva*, 2012 IL App (1st) 112071, ¶ 21 (quoting *Minikon v. Escobedo*, 324 Ill. App. 3d 1073, 1078 (2001)); see also *Augustus v. Estate of Somers*, 278 Ill. App. 3d 90, 98 (1996); *Keller v. Walker*, 319 Ill. App. 3d 67, 71 (2001). Therefore, "section 13-209(c) only allows a plaintiff to proceed against a deceased personal representative if the plaintiff, at the time of the filing of the original complaint, did not know about the deceased's death." *Relf*, 2012 IL App (1st) 112071, ¶ 21 (citing *Augustus*, 278 Ill. App. 2d at 97-98).

¶ 19    The timeline of undisputed facts includes the following: (1) the alleged injury occurred on June 23, 2008; (2) defendant Taplin died on April 9, 2009; (3) plaintiff filed her complaint against defendant Taplin on June 4, 2009; (4) the first sheriff's summons was returned on June 11, 2009, with a notation indicating defendant Taplin was not served because she was "deceased"; (5) the second sheriff's summons executed at a different address was returned on August 20, 2009, with a notation indicating defendant Taplin was not served because she was "deceased"; (6) the two-year statute of limitation for personal injury claims expired on June 23, 2010 (see 735 ILCS 5/13-202 (West 2008)); (7) a third alias summons issued at the second address was returned on July 2, 2010, with a notation that defendant Taplin was not served because she was "deceased"; (8) on October 4, 2010, the trial court denied plaintiff's motion to serve by special order notwithstanding plaintiff's claims that service had been unsuccessful despite her and her attorney's best efforts to confirm the status of defendant Taplin; (9) on October 21, 2010, the trial court appointed a special process server; (10) on December 6, 2010, the special process server's affidavit indicated that defendant Taplin's death was conveyed by an individual at the designated address and confirmed by a neighbor with no knowledge of the lawsuit; and (11) on March 1, 2011, plaintiff spread defendant Taplin's death of record and amended her complaint to name defendant Ware.

¶ 20    We initially confirm that the statute applicable to the facts of this case is section 13-209(c) of the Code where there is no dispute that plaintiff had no knowledge of defendant Taplin's April 9, 2009, death when the complaint was filed on June 4, 2009. Despite defendant's differing interpretation of the statutory language, our courts have repeatedly interpreted the statute to apply to cases such as these where, at the time of filing the original complaint, the plaintiff did not know of the defendant's death. *Relf*, 2012 IL App (1st) 112071, ¶ 21.

¶ 21    The narrow Rule 308(a) question before us concerns whether a sheriff's return of service provides knowledge of the contents therein. We are reminded that "[o]ur review is strictly limited to the certified question[ ] presented; we do not render any opinion on the propriety of any underlying rulings of the trial court." *Gelber*, 398 Ill. App. 3d at 778. A return of service for personal service has a presumption of validity. See *Dec v. Manning*, 248 Ill. App. 3d 341, 348 (1993). Moreover, a return of service is *prima face* evidence of service as to matters within the personal knowledge of the individual executing service of summons. *Nibco, Inc. v. Johnson*, 98 Ill. 2d 166, 172 (1983). However, " '(w)hen *** the deputy's return recites that he served an individual defendant, not by serving him in person, but by serving a member of his family at his usual place of abode *** no *** presumption [of validity] arises and, where such a return is challenged by affidavit and there are no counteraffidavits, the return itself is not even evidence, and, absent testimony by the deputy, the affidavits must be taken as true and the purported service of summons quashed.' " *First Federal Savings & Loan Ass'n of Chicago v. Brown*, 74 Ill. App. 3d 901, 906 (1979) (quoting *Harris v. American Legion John T. Shelton Post No. 838*, 12 Ill. App. 3d 235, 237 (1973)).

¶ 22    The instant case is unique, in that the returns of service demonstrate that service could not be completed. We have not found, and the parties have not cited, any express law establishing the weight afforded returns of service when service was not completed. However, based upon the law stated above, we find the returns of service do not have presumptions of validity and they can only provide *prima face* evidence as to matters within the personal knowledge of the sheriff that executed the summons. *Dec*, 248 Ill. App. 3d at 348; *Nibco, Inc.*, 98 Ill. 2d at 172. The sheriff's June 11, 2009, and August 20, 2009, returns indicated in the portion of the preprinted form that defendant Taplin was not served for the reason of "deceased." In both preprinted forms, the sheriffs indicated in a section allowing for additional remarks that the information was "per daughter" for the June 11, 2009, return and "deceased per Philip Taplin, grandson" for the August 20, 2009, return. Accordingly, the only information within the personal knowledge of the sheriffs was that, upon attempting to personally serve Taplin at the addresses provided, the individuals alleging they were Taplin's daughter and grandson alleged that Taplin had died. There is no indication on the returns of service that the sheriffs made any attempt to confirm the relationships and there was no additional information regarding Taplin's death or confirmation thereof through death certificate, obituary, etc.

¶ 23    We acknowledge in *Vaughn v. Speaker*, 126 Ill. 2d 150 (1988), the Illinois Supreme Court wrote, in the fact section of the opinion, that "[p]laintiffs first learned of the death [of defendant] *** when the summons was returned to plaintiffs' attorneys without having been

served on anyone; the returned summons indicated that [defendant] was deceased." *Id*. at 154-55. While the *Vaughn* court seemingly imparted that the return of service indicating the defendant's death could cause the plaintiff to learn of the defendant's death, we do not find the case is dispositive to the issue before this court. The *Vaughn* court provided no details regarding what information was contained on the return of service other than the language quoted above and no analysis on the effect of that information, and the case predated the creation of section 13-209(c) and instead concerned whether the relation-back doctrine prevented dismissal of the claim. See *id*. at 157.

¶ 24 In a practical setting, there are numerous reasons and tactics an individual may employ to evade service of process, *e.g.*, by reporting one's death. The sheriffs' June 11, 2009, and August 20, 2009, returns merely stated that defendant Taplin was not served for the reason of her being "deceased." We conclude that these returns did not impute knowledge of Taplin's death to plaintiff as provided for in section 13-209(c) of the Code. 735 ILCS 5/13-209(c) (West 2008). The relevant language of the statute is "[i]f a party commences an action against a deceased person whose death is unknown to the party before the expiration of time limited for the commencement thereof." *Id*. When interpreting a statute, our primary goal is to ascertain and give effect to the intent of the legislature by looking at the plain and ordinary meaning of the language of the statute. *Relf*, 2012 IL App (1st) 112071, ¶ 22. Black's Law Dictionary defines "knowledge" as "[a]n awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact." Black's Law Dictionary 950 (9th ed. 2009). The information "learned" through the two summons at issue in this case did not provide plaintiff with an awareness or understanding that Taplin was dead, such that there was no substantial doubt about the existence of that fact. Contrary to the plaintiffs in *Augustus* who read an obituary detailing the defendant's death 18 months prior to the expiration of the statute of limitations on their personal injury claim, thereby making section 13-209(c) inapplicable to their claim, plaintiff in this case did not have knowledge, as it has been defined, of defendant Taplin's death as a result of the June 11, 2009, and August 20, 2009, returns of service.

¶ 25 We, therefore, answer the Rule 308(a) certified question in the negative, namely, a sheriff's return of service stating "reason not served–deceased" does not constitute knowledge of a person's death such that section 13-209(c) is inapplicable.

¶ 26 CONCLUSION

¶ 27 We conclude that the Rule 308(a) certified question must be answered in the negative.

¶ 28 Certified question answered.