2026 IL App (1st) 251989-U

SIXTH DIVISION

June 29, 2026

No. 1-25-1989

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).
_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | |
|---|---|
| JOAN DACHS BAIS YAAKOE ELEMENTARY SCHOOL - YESHIVA TIFERES TZVI, INC. | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | |
| v. | |
| | No. 25 L 191 |
| CULVERS TRANSPORTATION INC. and SHERI L. ROBERTS CULVER, | Honorable Thomas More Donnelly, |
| Defendants-Appellants. | Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We affirm the circuit court's dismissal of appellant's motion under section 2-1401 of the Illinois Code of Civil Procedure  (735 ILCS 5/2-1401 (West 2024)) to vacate a default order because she admitted receipt of service and on appeal, failed to

contest the circuit court's finding that she did not sufficiently plead a meritorious defense to the underlying claim.

¶ 2    Appellant Sheri L. Roberts Culver challenges the circuit court's dismissal of her motion to vacate a default judgment entered against her in the underlying action brought by appellees Joan Dachs Bais Yaakoe Elementary School-Yeshiva Tiferes TSVI, Inc. (Dachs). Culver's company, Culver's Transportation, Inc. (CTI), was also a defendant in the underlying case, though CTI is not a party to this appeal (collectively, "the defendants"). Culver contends that the court erred because the default order was void for lack of personal jurisdiction due to improper service, and, in the alternative, the court erred in dismissing the motion to vacate judgment despite her ability to provide evidence of "excusable circumstances" to explain failure to participate in the matter before she was defaulted. For the reasons below, we affirm.

¶ 3                                              BACKGROUND

¶ 4    Dachs filed its complaint against CTI and Culver on January 6, 2025, alleging breach of contract, conversion, unjust enrichment, and a violation of the Consumer Fraud Act (815 ILCS 505/1 *et seq*. (West 2022)). The dispute arose from CTI's contract with Dachs for elementary school busing services, with Dachs generally alleging that CTI and Culver wrongfully withheld a security deposit, failed to refund overpayments, and did not maintain proper insurance as required by the contract.

¶ 5    The record contains separate proofs of service for both Culver and CTI. In the first proof of service, the process server affirmed that on January 16, 2025, she served CTI by serving Culver in her capacity as the "Business's agent," in person at an address on the 6200 block of Patricia Drive in Matteson, Illinois. In the second proof, the process server affirmed that on January 24, 2025, she served Culver in her personal capacity, again in person, and at the same Matteson address.

¶ 6    Neither Culver nor CTI entered an appearance, and on March 13, 2025, the circuit court entered an order setting May 5, 2025, as the date for Dachs to present a motion for default judgment. Dachs filed its motion for default on April 28, 2025, and served the motion on Culver and CTI at the address listed on the service of process forms. The circuit court granted the motion and entered an order finding both CTI and Culver in default on May 8. Following the default, on June 10, 2025, notice of a hearing on a citation to discover Culver and CTI's assets was sent to Culver at the Matteson address, and CTI and another address in Kankakee, Illinois, care of Culver as the registered agent.

¶ 7    On June 20, 2025, an attorney entered an appearance for both Culver and CTI. The defendants then moved to vacate default pursuant to section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)). In the motion, Culver contended that Dachs did not notify either defendant of the March 12, 2025 court date, and neither received notice of Dach's motion for default or the corresponding court date. She further contended she was involved in a motor vehicle accident on January 13, 2025, causing injuries and treatment "which contributed to her inadvertently failing to file an Appearance or Answer in this case." In an attached affidavit, Culver averred that she "was personally served with Summons…on January 24, 2025," but "was never served with Summons on January 16, 2025." She further averred that CTI maintained appropriate insurance throughout the contractual term.

¶ 8    The circuit court entered an order on July 3, 2025, explaining that the section 2-1401 motion failed "to meet the substantive requirements for such a motion" and requiring Culver and CTI to file an amended motion, which they did on August 15, 2025. The defendants' amended motion brought two challenges to the default order, a "legal challenge" based on Dachs' alleged failure to properly notify the defendants, and a "fact based" challenge. Regarding the legal challenge, the

defendants contended, in relevant part, that "Based on the Plaintiff's failure *** to provide the Defendants with proper Notice and Motion for Default Judgment, the Judgment entered should be deemed a voidable Judgment by this Court." As to the fact-based challenge, Culver and CTI argued, in relevant part, that they had meritorious defenses to Dachs' underlying claim because they did not withhold overpayments, maintained liability insurance for some portion of the contractual term, and had not returned the security deposit to Dachs at the contractual time because they "had not completed their accounting to determine the refund of the security deposit due to the Plaintiff, if any, when the Plaintiff's case was filed." In a newly updated affidavit, Culver stated that she was personally served with Summons on behalf of CTI on January 16, 2025, but was never served with any summons or complaint directed at her individually on January 24, 2025, or at any time. She also admitted that CTI had allowed its insurance lapse before the contractual term expired.

¶ 9   Dachs moved to dismiss the amended motion to vacate, asserting that "Culver's argument that the judgment is legally void due to supposed defects in service is contradicted by its own admission that Ms. Culver was personally served with the Summons and Complaint on January 16, 2025." Further, Dachs argued, the defendants failed to set forth sufficient factual allegations to demonstrate a meritorious defense, as required to establish a fact-based challenge under section 2-1401.

¶ 10   On August 28, 2025, the circuit court entered a written order granting Dachs' motion to dismiss the amended motion to vacate default. The order states that the court "considered the matter during a hearing for this matter held on August 28, 2025," but no report of proceedings or transcript for this hearing appears in the record on appeal. The only substantive explanation contained in the written order is the court's statement that, "Defendants' Amended Motion to

4

Vacate fails to meet the substantive requirements for such a motion under section 2-1401 because: i) service of the Complaint is admitted, ii) no allegations are provided showing the existence of a meritorious defense, and iii) diligence has not been shown."

¶ 11    Culver filed a notice of appeal in her personal capacity only on September 29, 2025.

¶ 12                                    JURISDICTION

¶ 13    The circuit court dismissed Culver and CTI's amended motion to vacate on August 28, 2025, and Culver filed her notice of appeal on September 29, 2025, giving this court jurisdiction pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017).

¶ 14                                      ANALYSIS

¶ 15    Culver raises two arguments on appeal: (1) the circuit court's default order was void for lack of personal jurisdiction because she was never personally served, and (2) the court erred by dismissing the amended motion to vacate because it did not sufficiently weigh the role her motor vehicle accident played in her failure to participate in the case before the court entered default. She reiterates in her briefing that she is only proceeding in her individual capacity, and CTI is not a party to this appeal.

¶ 16    We begin with Culver's personal jurisdiction argument. First, we note that Culver failed to specifically contest personal jurisdiction below, and generally the failure to preserve an issue for review results in waiver of that issue on appeal. See *Kopf v. Kelly*, 2024 IL 127464, ¶ 77. An order entered by a court without personal jurisdiction over a party, however, is void. *Municipal Trust and Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 17. Void judgments can be "challenged at any time," and such challenges are not subject to waiver or forfeiture. *In re Marriage of Tronsrue*, 2025 IL 130596, ¶ 33. Thus, this court must consider the claim.

5

¶ 17    "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *Id.* Culver argues Dachs did not personally serve her with process, and because she had not entered an appearance before the circuit court defaulted her, the default order was entered without personal jurisdiction. Under the Illinois Code of Civil Procedure, "Summons may be served upon the defendants wherever they may be found in the State, by any person authorized to serve process." Pub. Act. 103-1057, § 5 (eff. Jan. 1, 2025) (amending 735 ILCS 5/2-202(b)). Another section of the Code explains, "service of summons upon an individual defendant shall be made by *** leaving a copy of the summons with the defendant personally." 735 ILCS 5/2-203 (West 2022). The process server's certification must "(1) identify the sex, race, and approximate age of the defendant or other person with whom the summons was left and (2) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with the defendant or other persons." *Id.* § 203(b). "A return of service for personal service has a presumption of validity." *Walker v. Ware*, 2013 IL App (1st) 122364, ¶ 21. Whether an order is void for lack of personal jurisdiction is an issue of law we review *de novo*. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47.

¶ 18    The record contains two returns of service, first from January 16, listed as made on Culver in her capacity as CTI's representative, and the second from January 24, listed as made on Culver in her individual capacity. The January 24 notice identified Culver's sex, race, and age, and listed the time of day and specific address at which service was made. In an affidavit attached to her initial motion to vacate default, Culver admitted that she was served in her personal capacity on January 24, but denied she was served on January 16 on behalf of CTI. Culver then attached an updated affidavit to the amended motion to vacate default, now claiming the opposite—that she

was served on behalf of CTI on January 16, but never in her individual capacity on January 24. The record contains no explanation for this change.

¶ 19    On this record, we find that Culver made a judicial admission that she was properly served in her individual capacity on January 24, and thus her claim that the default judgment was void for lack of personal jurisdiction fails as a matter of law. Culver's admission in her first affidavit constituted a binding judicial admission, which are defined as "deliberate, clear, unequivocal statements by a party about a concrete fact within that party's knowledge." *In re Estate of Rennick*, 181 Ill. 2d 395, 406-07 (1998). Such admissions "conclusively bind a party," and cannot later be contradicted during proceedings. *Id.* at 406. Culver's statement in the first affidavit fits these criteria, and she offers no persuasive argument to the contrary. It follows that her statement that she was served in her personal capacity on January 24 is a binding judicial admission that is conclusive of the issue, obviating her personal jurisdiction argument because it is entirely predicated on the purported lack of service.

¶ 20    We acknowledge that Culver attempted to alter this admission in a subsequent affidavit, but she provides no argument as to why the circuit court should have accepted this attempted reversal instead of applying the general rule that judicial admissions, once made, are binding on the party. See *Sohaey v. Van Cura,* 240 Ill. App. 3d 266, 281 (1992); see also *American States Insurance Co. v. National Cycle, Inc.*, 260 Ill App 3d 299, 305 (1994).

¶ 21    To the extent Culver may have presented a basis for the switch before the circuit court at the proceeding on August 28, 2025, we do not have a transcript or bystander's report for that proceeding, an absence which requires this court to find that the circuit court's decision that Culver's judicial admission was binding is supported by the facts and is consistent with the law. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 22   Culver's final claim is that the circuit court substantively erred by dismissing her amended motion to vacate because she sufficiently alleged a valid fact-based challenge to the default order.

¶ 23   To establish a fact-based challenge to a default order via a section 2-1401 petition, a party must demonstrate three elements: (1) they had a meritorious defense to the underlying claim, (2) they acted diligently in presenting that defense, and (3) they acted diligently in filing their section 2-1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). A meritorious defense is a challenge against the original complaint that, if believed by the trier of fact, would defeat the opposing party's claim. See *Tuna v. Airbus, S.A.S.*, 2017 IL App (1st) 153645, ¶ 39 (citing *Lyons Lumber & Building Center, Inc. v. 7722 North Ashland, LLC*, 2016 IL App (3d) 140487, ¶ 22). "Where the trial court dismisses a section 2-1401 petition without holding an evidentiary hearing, our standard of review is *de novo*." *Willis Capital LLC v. Belvedere Trading LLC*, 2015 IL App (1st) 132183, ¶ 19 (citing *People v. Vincent*, 226 Ill. 2d 1, 18 (2007)).

¶ 24   The record shows that in the amended motion to vacate, Culver alleged CTI did not withhold overpayments, and could not return the security deposit by the required time because of accounting delays. Additionally, Culver again contradicted herself in her affidavits, averring in the first that CTI was appropriately insured at all times, only to then admit in the latter that the insurance lapsed at some point during the contractual term. The circuit court found she did not allege sufficient facts regarding meritorious defense or diligence, without further explanation.

¶ 25   Now on appeal, Culver contends that the amended motion to vacate should not have been dismissed because she sufficiently pled her motor vehicle accident constituted excusable circumstances for her earlier failure to participate in the litigation. She provides no argument whatsoever regarding whether she alleged a meritorious defense in her amended motion, let alone why the circuit court erred in finding she did not. In fact, in her reply brief, she asserts that the

issues of whether she sufficiently alleged a meritorious defense and due diligence are both irrelevant because the judgment rendered was void for lack of jurisdiction.

¶ 26   We find that Culver's claim fails because she offers nothing on appeal to contest the circuit court's finding that she failed to allege a meritorious defense, a mandatory element of a fact-based claim under section 2-1401. *Smith*, 114 Ill. 2d at 220-21. While the amended motion contained limited allegations regarding meritorious defenses, Culver does not even reference these allegations on appeal, let alone present substantive arguments thereon, and this court will not step into that role for her. See *Toushin v. Ruggiero,* 2021 IL App (1st) 192171, ¶ 73 (An appellate court "is not a depository into which a party may dump the burden of argument and research."). Additionally, while the motor vehicle accident that Culver claims is an "excusable circumstance" could arguably constitute an explanation for her delay in responding to Dachs' complaint, it does not serve as a meritorious defense against Dachs' substantive claims. Given these circumstances, Culver has forfeited any argument that the court erred by dismissing the amended motion based on the failure to allege a meritorious defense, and her claim fails accordingly. See *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 51 (citing Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)).

¶ 27                                                    CONCLUSION

¶ 28   Culver admitted to receiving service in her individual capacity, and failed to contend on appeal that she alleged a meritorious defense below. Accordingly, we affirm the dismissal of the amended motion to vacate default.

¶ 29   Affirmed.