# Belleville Savings Bank, Conservator, Appellant, v. Henry E. Schrader, Appellee.

1. INSANE PERSONS, § 28*—*when conservator may make final settlement of ward's estate.* The plain meaning of Hurd's Rev. St. ch. 86, sec. 9, as amended (J. & A. ¶ 7293), giving the conservator of any deceased incompetent power, under the letters issued to him, to make final settlement of the estate, is that it shall only apply to estates of persons dying intestate, or possibly those estates where the testator may have left a will but appointed no executor.

2. INSANE PERSONS, § 28*—*when conservator may not make final settlement of ward's estate.* Under Hurd's Rev. St. ch. 86, sec. 9, as amended (J. & A. ¶ 7293), giving the conservator of any deceased incompetent power, under the letters issued to him, to make final settlement and distribution of the estate, the conservator of the estate of a deceased person, leaving a will appointing an executor, had no right to administer the estate and carry out the provisions of the will as against the executor named therein, who was ready, able and willing to act.

3. INSANE PERSONS, § 28*—*when conservator may not make final settlement of ward's estate.* Hurd's Rev. St. ch. 86, sec. 9, as amended (J. & A. ¶ 7293), giving the conservator of any deceased incompetent power, under the letters issued to him to make final settlement and distribution of the estate, and Hurd's Rev. St. ch. 3, sec. 1 (J. & A. ¶ 49), providing for the issuance of letters testamentary pursuant to the probate of a will, and section 2 (J. & A. ¶ 50), requiring any person knowing he is appointed executor to present the will and cause it to be approved, or to present the will and refuse to act, were all given effect without giving any strained construction to any of them; and the conservator of a deceased incompetent was held not entitled to administer the estate of his ward as against the executor under the last will of such ward.

4. EXECUTOR AND ADMINISTRATORS, § 20*—*when named executor entitled to letters.* The word "shall" used in Hurd's Rev. St. ch. 3, sec. 1 (J. & A. ¶ 49), providing that upon probate of a will the court shall issue letters to the executor named in the will, etc., is used in an imperative sense.

5. STATUTES, § 225*—*"shall."* In common ordinary meaning the word "shall" has always a compulsory sense, though at times, upon sufficient reason, it may be construed as having only a permissive or directory meaning.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. STATUTES, § 225*—"*shall*." When the word "shall" is used with reference to any right or benefit to any one, and the right or benefit depends upon giving a mandatory meaning to the word, it cannot be given a permissive meaning.

7. STATUTES, § 197*—*when all of sections of statute will be given effect.* In the construction of statutes, the courts will so construe the sections of a statute as to give them all legal effect, if this can be done.

8. EXECUTORS AND ADMINISTRATORS, § 20*—*when legatees and devisees may not nominate executor.* The law does not give to legatees and devisees under a will the right to nominate who shall act as the executor thereof, where the testator has already named some competent person to act in said capacity, who is ready, willing and able to act.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed June 6, 1919. *Certiorari* denied by Supreme Court (making opinion final).

TURNER & HOLDER, for appellant.

BARTHEL, FARMER & KLINGEL, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

This is an appeal prosecuted by the Belleville Savings Bank, from an order of the Circuit Court of St. Clair county, appointing Henry E. Schrader, appellee, as executor of the last will and testament of said deceased.

The record in this case discloses that Fridolin Aneshaensel executed his last will and testament on the 23rd day of March, 1909, and therein named as his executors his wife, Anna Aneshaensel and the said Henry E. Schrader, to serve without bond. That thereafter the said Fridolin Aneshaensel was adjudged to be a feeble-minded person and appellant bank was appointed as the conservator of his estate. On March 21, 1917, Anna Aneshaensel, wife of said Fridolin Ane-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

shaensel, died. On June 27, 1918, the said Fridolin Aneshaensel died, leaving as his last will and testament the instrument above mentioned. Said will was admitted to probate in St. Clair county, and thereupon appellee filed a petition in said court to be appointed as the executor thereof. Objections were filed thereto by appellant Bank, it being insisted that as such conservator, under the statutes of this State, it had a right to settle said estate. The County Court found against appellee and dismissed his petition for letters and ordered that appellant bank proceed to settle said estate under its original letters of conservatorship.

An appeal was prosecuted by appellee from said order to the Circuit Court of St. Clair county and on a hearing in said court on said appeal the Circuit Court overruled the objections of appellant and found in favor of the appellee, and ordered letters of executorship to be issued to him as the sole surviving executor of the last will and testament of said deceased. To reverse said order this appeal is prosecuted as above set forth.

The only question involved in this case is as to whether section 9, as now amended, of an act to revise the law in relation to lunatics, idiots, drunkards and spendthrifts, being section 9 of chapter 86 of Hurd's Rev. St. (J. & A. ¶ 7293), gives to the conservator of the estate of a deceased person, leaving a will in and by which said will said testator has appointed an executor who is ready, willing and able to act in said capacity, the right to administer said estate and carry out the provisions of the will as against the executor named therein. Said section 9 among other things provides that: "Whenever any lunatic, idiot, drunkard or spendthrift shall die, seized or possessed of any real or personal estate, then such conservator shall have full power and authority under the letters issued to him or her to make final set-

tlement and distribution of the estate of said deceased ward without further letters of administration, in such time and manner as is required by law of administrators of the estate of deceased persons. *Provided,* this shall not apply to nonresident conservators.''

It is contended by appellant that inasmuch as the will left by said deceased does not impose on the executor therein named any specific trust to be carried out, the duties of said executor being only such duties as would ordinarily be administered by an administrator settling a deceased person's estate, that therefore the act above quoted gives to such conservator the absolute right to settle said estate, even if the executor of said will should desire to qualify and perform the duties imposed upon him by said will. On the other hand, appellee contends that the act in question applies only to the estates of persons dying intestate and that it has no reference whatever to the estate of persons dying testate and who have nominated the person or persons whom they desire to act as executors thereof.

A careful reading of said section 9 convinces us that the plain meaning of it is that it shall only apply to estates of persons dying intestate, or possibly those estates where the testator may have left a will but appointed no executor thereof.

Section 1 of chapter 3 of Hurd's Rev. St. (J. & A. ¶ 49), among other things, provides: ''That when a will has been duly proved and allowed, the County Court shall issue letters testamentary thereon to the executor named in such will, if he is legally competent and accepts the trust, and gives bonds to discharge the same.''

Section 2 of said act (J. & A. ¶ 50), among other things, provides that: ''It shall be the duty of any person, knowing that he is named or appointed as executor of the last will and testament of any person deceased, within thirty days next after the decease of the testa-

tor, to cause such will to be proved and recorded in the proper county; or to present the will and declare his refusal to accept of the executorship; and every such executor neglecting to do so, without just excuse for such delay, shall forfeit the sum of $20 per month from and after the expiration of said term of thirty days, until he shall cause probate of said will to be made, or present the same as aforesaid, to be recovered by action of debt, for the use of the estate, by any person who will sue for the same in any court having jurisdiction thereof.''

One of the rules governing the courts in the construction of a statute is that the court shall so construe the sections of the statute as to give them all legal effect, if this can be done. In other words, unless a later statute expressly repeals a former statute or repeals the same by implication, the two statutes are to be harmonized and given effect. By reading of section 9 of chapter 86 in connection with sections 1 and 2 of chapter 3, above cited, it can clearly be seen that effect can be given to all of these sections without giving a strained construction to any of them.

: In *Clark v. Patterson,* 214 Ill. 533, the court at page 539 says: "The Probate Court proceeded correctly in granting letters of executorship to the appellee. Section 1 of chapter 3 of the statute on administration (1 Starr & Curt. Stat. 1896, p. 269 [J. & A. ¶ 49]) provides: 'That when a will has been duly proved and allowed the County Court shall issue letters testamentary thereon to the executor named in such will, if he is legally competent and accepts the trust, and gives bonds to discharge the same,' etc. The word 'shall' is used in this statute in an imperative sense. In common and ordinary meaning the word has always a compulsory sense, though at times, upon sufficient reason, it may be construed as having only a permissive or directory meaning. Where the word is employed with reference

to any right or benefit to any one, and the right or benefit depends upon giving a mandatory meaning to the word, it cannot be given a permissive meaning, merely. (*Wheeler v. City of Chicago,* 24 Ill. 105; *Fowler v. Pirkins,* 77 Ill. 271; *O'Rear v. Crum,* 135 Ill. 294.)"

It is urged by appellant that this case should be reversed in order to save the expenses incident to the administration of the estate by appellee as executor. While in this particular case there may be no special reason why appellant as conservator might not as successfully and as satisfactorily settle the estate of said deceased and carry out the provisions of his will as appellee, still the testator who accumulated the estate has by law the right to designate by will who shall act as the executor of his will, and we have no right under the law to ignore his directions and find that some one else shall act in that capacity.

It is further urged as a reason why this judgment should be reversed, that the beneficiaries under the will have requested that appellant, as conservator, shall settle the estate. We do not understand that this request sets aside the directions given by the testator in his will, the very will under which these beneficiaries are to take. In other words, the law does not give to legatees and devisees under a will the right to nominate who shall act as the executor thereof, where the testator has already named some competent person to act in said capacity who is ready, willing and able to so act.

Finding no reversible error in the judgment of the Circuit Court the same will be affirmed.

*Judgment affirmed.*