*In re* ESTATE OF BILLIE DEAN FAUGHT, Deceased.—(Earl L. Faught, Petitioner-Appellee, *v.* Nancy M. Faught, Respondent-Appellant.)

Fifth District   No. 81—589

Opinion filed January 18, 1983.

Robert L. Douglas, Charles C. Roberts, and Fred W. Johnson, all of Robert L. Douglas, Ltd., of Robinson, for appellant.

Jon C. Anderson and James V. Hill, both of Anderson and Hill, of Robinson, for appellee.

JUSTICE JONES delivered the opinion of the court:

The respondent, Nancy Faught, appeals from an order of the cir-

cuit court of Crawford County revoking letters of administration to collect previously issued to her.

On September 21, 1981, respondent, who is the widow of Billie D. Faught, filed a petition for letters of administration to collect, which alleged that the total value of decedent's estate consisted of $450 in personal property. On the same date the court entered an order appointing respondent the legal representative of decedent's estate and directing that letters of administration to collect be issued to her. The order declaring heirship listed the respondent, as surviving spouse, and four children of the deceased.

On October 2, 1981, petitioner filed a petition for probate of decedent's will and for letters testamentary in which he was listed as the executor of the estate. Petitioner also filed on October 2, 1981, a petition to revoke respondent's letters of administration to collect because decedent's will had been filed for probate.

On October 21, 1981, the court entered an order admitting decedent's will to probate and appointing petitioner as the legal representative of decedent's estate. The court additionally ordered that respondent's letters of administration to collect be revoked and removed her as administrator to collect.

On appeal respondent contends that the trial court erred in revoking her letters of administration to collect. She cites section 2.1 of the Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, par. 2.1), which authorizes the appointment of a special administrator when the only asset of an estate is a cause of action for wrongful death, and asserts that the subsequent petition for probate of decedent's will provided insufficient reason to revoke her letters of administration to collect.

Section 2.1 of the Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, par. 2.1) provides in part:

> "In the event that the only asset of the deceased estate is a cause of action arising under this Act, and no petition for letters of office for his estate has been filed, the court, upon motion of any person who would be entitled to a recovery under this Act, and after such notice to the party's heirs, legatees or devisees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action."

Section 10—5 of the Probate Act (Ill. Rev. Stat. 1981, ch. 110½, par. 10—5) provides:

> "On the issuance of letters testamentary or of administration *** the powers of the administrator to collect cease and his letters shall be revoked."

■ An administrator to collect is merely a temporary officer appointed by the court to collect and preserve the estate of a decedent pending the determination of its proper legal representative. (*In re Estate of Breault* (1963), 29 Ill. 2d 165, 193 N.E.2d 824; see 34 C.J.S. *Executors and Administrators* sec. 1035 (1942).) As such, his powers and duties are strictly limited to those prescribed by statute (see Ill. Rev. Stat. 1981, ch. 110½, par. 10—4), and his authority ceases upon the issuance of letters testamentary (Ill. Rev. Stat. 1981, ch. 110½, par. 10—5).

■ While section 2.1 of the Wrongful Death Act provides for the appointment of a special administrator for the purpose of prosecuting a wrongful death action when there are no other assets of the deceased's estate, nothing in this section serves to abrogate the provisions of the Probate Act concerning the temporary status of an administrator to collect. In the instant case decedent's widow invoked the provisions of the Probate Act when she filed for and received letters of administration to collect. By the terms of that act her authority ended upon the issuance of letters testamentary to the petitioner as executor of the decedent's estate. We find that the provisions of the Probate Act control in determining the widow's status as representative of the estate and that the trial court acted correctly in revoking her letters of administration to collect.

■ There is no merit in the respondent's assertion that revocation of her letters in favor of a third-party executor named in the decedent's will was contrary to the legislative purpose of section 2.1 and against public policy. While, as the respondent notes, the real parties in interest in a wrongful death action are the surviving spouse and the next of kin (*Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784), the action is to be brought by the decedent's personal representative. (See Ill. Rev. Stat. 1981, ch. 70, par. 2.) A testator has the right to designate by will who shall act as his personal representative, and a court may not ignore his directions and appoint someone else to act in that capacity. (*Belleville Savings Bank v. Schrader* (1919), 214 Ill. App. 388.) Where, as here, the decedent has exercised his right to name such a representative, section 2.1 should not be interpreted so as to deprive him of this right.

■ By its terms section 2.1 may be utilized only if no petition for letters testamentary has been filed. While it fails to specify what shall occur if letters testamentary are issued after a special administrator has been appointed, such a contingency is provided for by the provisions of the Probate Act. Thus, we find no basis for respondent's claim that the court violated the dictates of section 2.1 in revoking

her letters of administration upon the admission of decedent's will to probate.

Respondent next contends that the petitioner may have a conflict of interest as executor in that he was allegedly drinking alcoholic beverages with the decedent on the night of his death and so may come within the complicity rule relating to actions under the Dramshop Act. (Ill. Rev. Stat. 1981, ch. 43, par. 94 *et seq.*) Petitioner denies the foregoing allegation and the record fails to support respondent's contention. This court cannot take cognizance of matters outside the record (*In re Annexation of Certain Territory* (1973), 16 Ill. App. 3d 140, 304 N.E.2d 769), and we accordingly do not address this issue.

Finally, respondent contends that the law firm retained by the petitioner-executor has a conflict of interest in that one of its members is the State's Attorney of Crawford County who would have been required to prosecute the decedent for driving while intoxicated had he lived. We find that any potential conflict has been rendered moot by the decedent's death (see *People v. Mazzone* (1978), 74 Ill. 2d 44, 383 N.E.2d 947) and need not be considered by this court.

For the foregoing reasons, the order of the circuit court of Crawford County is affirmed.

Affirmed.

KARNS and WELCH, JJ., concur.