# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *Relf v. Shatayeva*, 2013 IL 114925

---

| | |
|---|---|
| Caption in Supreme Court: | SANDRA RELF, Appellee, v. NATASHA SHATAYEVA, as Special Adm'r of the Estate of Joseph Grand Pre, Jr., Appellant. |
| Docket No. | 114925 |
| Filed | October 18, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | After an automobile accident defendant died and plaintiff, unaware of this, was unable to obtain service in the timely action, the statutory two-year extension of the limitation period if a decedent's personal representative is substituted as defendant was not available where plaintiff used the unauthorized procedure of successfully asking the circuit court to appoint an employee of plaintiff's attorney as "special administrator"—limitations dismissal upheld. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. James E. Snyder, Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Circuit court judgment affirmed. |

Counsel on
Appeal

Ellen J. O'Rourke and Jean M. Bradley, of Bruce Farrel Dorn & Associates, of Chicago, for appellant.

David B. Nemeroff and Adam S. Goldfarb, of Chicago, for appellee.

Cynthia S. Kisser, of Lawrence H. Hyman & Associates, of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

Justices

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Garman, Burke, and Theis concurred in the judgment and opinion.

Chief Justice Kilbride dissented, with opinion.

## OPINION

¶ 1 Plaintiff, Sandra Relf, brought an action against Joseph Grand Pre, Jr., in the circuit court of Cook County to recover damages for personal injuries she sustained in a motor vehicle accident. At the time plaintiff filed her action, Mr. Grand Pre was deceased, his will had been admitted to probate, and letters of office had been issued to his son to serve as independent administrator of his estate. Claiming she was not aware of Mr. Grand Pre's death when she filed suit, and without notice to the estate, the independent administrator, or Grand Pre's heirs and legatees, plaintiff subsequently sought and was granted permission to have a secretary in her attorney's office appointed as "special administrator" to defend Mr. Grand Pre's estate against her claims.

¶ 2 Substitution of the "special administrator" did not occur until after the two-year limitations period for personal injury actions had expired. The "special administrator" therefore moved to dismiss plaintiff's cause of action as time-barred under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)). The circuit court found the "special administrator's" motion to be meritorious and dismissed, rejecting plaintiff's arguments that the action should be deemed timely under the provisions of section 13-209 of the Code of Civil Procedure (735 ILCS 5/13-209 (West 2010)) which govern the procedures to be followed where a person against whom a cause of action may be brought is deceased. The appellate court reversed and remanded to the circuit court for further proceedings. 2012 IL App (1st) 112071. We granted defendant leave to appeal (Ill. S. Ct. R. 315 (eff. May 1, 2013)) and allowed the Illinois Trial Lawyers Association to file a brief *amicus curiae* pursuant to Illinois Supreme Court Rule 345 (Ill. S. Ct. R. 345 (eff. Sept. 20, 2010)). For the reasons that follow, we now reverse the appellate court's judgment and affirm

the judgment of the circuit court.

¶ 3                                BACKGROUND

¶ 4        The motor vehicle accident which gave rise to this litigation occurred in February of 2008. In February of 2010, just as the two-year statute of limitations for personal injury actions (735 ILCS 5/13-202 (West 2010)) was about to expire, plaintiff filed this action against Mr. Grand Pre in the circuit court of Cook County to recover damages for the injuries she sustained in the accident.

¶ 5        Mr. Grand Pre was the sole defendant named in the complaint. At the time the complaint was filed, however, Mr. Grand Pre was actually deceased. He had passed away on April 25, 2008, shortly after the accident.

¶ 6        The record shows that a paid death notice giving the circumstances of Mr. Grand Pre's death was published in the Chicago Tribune on April 30, 2008. The record further shows that probate proceedings involving his estate were initiated in the circuit court of Cook County in August of 2008. Mr. Grand Pre's will was admitted to probate in September of 2008 and, at the same time, letters of office were issued to his son, Gary, to serve as independent administrator of Mr. Grand Pre's estate. These were all matters of public record.

¶ 7        The sheriff failed to effectuate service of process on Mr. Grand Pre, who, as we have just noted, was dead. Still not realizing that Mr. Grand Pre was deceased, plaintiff then sought and was granted leave to have a special process server appointed to attempt service on him. The special process server quickly discovered that Mr. Grand Pre was no longer living and conveyed that information to plaintiff on May 17, 2010. Plaintiff took no immediate corrective action in response to the special process server's news, and on May 24, 2010, the circuit court dismissed plaintiff's cause of action for lack of diligence in attempting to effectuate service.[1] Because plaintiff's failure to exercise diligence occurred after the governing limitations period had expired, the dismissal was with prejudice. Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

¶ 8        On September 24, 2010, plaintiff asked the circuit court to set aside its order dismissing the case for lack of diligence. In a separate motion filed the same day, plaintiff also asked the court to take notice of Mr. Grand Pre's death, to appoint a "special administrator" for the purposes of defending plaintiff's action against him, and to grant plaintiff leave to file an amended complaint.

¶ 9        In support of her request for a "special administrator," plaintiff asserted that she had not learned of Mr. Grand Pre's death until receiving notice of it from the special process server and that she was unaware as to whether "any personal representative has been appointed by the Estate of [Mr. Grand Pre]." Plaintiff proposed that Natasha Shatayeva, an employee/legal assistant of her lawyer, be appointed to serve "as the Special Administrator of the Estate of [Mr. Grand Pre], deceased." Shatayeva was the attorney's secretary.

---

[1]At this point in the proceedings, it appears that the circuit court did not know the reason Grand Pre had not been served, only that service had not been accomplished.

¶ 10    Following a hearing, the circuit court granted all of plaintiff's requests. It vacated the dismissal and reinstated the action, "spread [Mr. Grand Pre's] death of record, appointed Natasha Shatayeva "as the Special Administrator of the Estate of [Mr. Grand Pre], deceased," and granted plaintiff leave to file an amended complaint, which plaintiff promptly did. The circuit court's order appointing Shatayeva as "special administrator" gave no statutory basis for that action and none was set forth in plaintiff's motion.

¶ 11    Once Shatayeva was designated by the court to represent Mr. Grand Pre's estate, she moved to dismiss plaintiff's cause of action pursuant to Supreme Court Rule 103(b) (Ill. S. Ct. R. 103(b) (eff. July 1, 2007)) on the grounds that plaintiff had "failed to take substantive efforts to serve Defendant with the lawsuit timely [*sic*]" and that she, Shatayeva, was not served "until on or about October 7, 2010, over seven months after the statute of limitation [had run]." That motion was denied by the court in February of 2011. Thereafter, plaintiff was allowed to file a second amended complaint correcting an error in her previous pleadings regarding Mr. Grand Pre's name.

¶ 12    Plaintiff's second amended complaint was filed in March of 2011. Shatayeva responded by filing a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)), on the grounds that plaintiff's cause of action was not commenced within the time limited by law. Although plaintiff's original complaint was filed in the circuit court just within the two-year limitation period for actions for damages for an injury to the person (735 ILCS 5/13-202 (West 2010)), that complaint, as we have discussed, was directed against Mr. Grand Pre himself even though he had already been dead for approximately a year and 10 months. Shatayeva argued that under Illinois law, a dead person is a nonexistent entity and cannot be a party to a lawsuit. Correspondingly, a lawsuit instituted against a person who is already dead at the time the suit is filed is a nullity and void *ab initio*. Shatayeva asserted that the complaint naming Mr. Grand Pre therefore could not operate to preserve plaintiff's claims arising from the February 2008 accident.

¶ 13    Shatayeva further argued that the General Assembly has provided litigants with a mechanism for bringing a cause of action where, as here, a person against whom an action may be brought dies before expiration of the time limit for commencement of that action, and the cause of action survives and is not otherwise barred. Shatayeva asserted, however, that plaintiff failed to follow the statutory requirements in this case.

¶ 14    Under section 13-209(b)(1) of the Code of Civil Procedure (735 ILCS 5/13-209(b)(1) (West 2010)), if an estate has been opened for the decedent and a personal representative has been appointed by the court, the "action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death." If, on the other hand, "no petition has been filed for letters of office for the deceased's estate," then under section 13-209(b)(2) of the Code of Civil Procedure (735 ILCS 5/13-209(b)(2) (West 2010)), "the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action."

¶ 15    In this case, a petition for letters of office for Mr. Grand Pre's estate had been filed and

a personal representative, Mr. Grand Pre's son, Gary, had been appointed by the circuit. As between the foregoing provisions, section 13-209(b)(1) rather than section 13-209(b)(2) was therefore the relevant provision. Under that statute, plaintiff could have preserved her claims arising from the collision involving Mr. Grand Pre, had she known of Grand Pre's death, by bringing the action against the personal representative appointed by the court in the probate proceeding and doing so within six months of Mr. Grand Pre's death. But plaintiff did neither of those things. Shatayeva therefore asserted that section 13-209(b)(1) could not be applied here.

¶ 16    Shatayeva further argued that the legislature has provided an additional safe harbor to aid plaintiffs where, as is claimed by plaintiff's counsel to be the situation here, the action is brought directly against the deceased person and the plaintiff does not learn that the defendant is actually dead until the limitations period has expired. In such circumstances, and assuming the cause of action survives and is not otherwise barred, section 13-209(c) of the Code of Civil Procedure (735 ILCS 5/13-209(c) (West 2010)) allows the plaintiff to proceed directly against the personal representative, notwithstanding the fact that the claims would otherwise be untimely. That option, however, is subject to four conditions. The plaintiff must proceed "with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant." 735 ILCS 5/13-209(c)(1) (West 2010). The plaintiff must also proceed "with reasonable diligence to serve process upon the personal representative." 735 ILCS 5/13-209(c)(2) (West 2010). If process is served more than six months after issuance of letters of office to the personal representative, the "liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance." 735 ILCS 5/13-209(c)(3) (West 2010). Finally, "[i]n no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action." 735 ILCS 5/13-209(c)(4) (West 2010).

¶ 17    Although a personal representative had been appointed in the matter before us in September of 2008, plaintiff never moved the court to have that personal representative substituted as a defendant and never attempted service on that personal representative. Instead, the plaintiff arranged to have one of her attorney's employees, his secretary, appointed "special administrator." Shatayeva asserted that where, as here, a personal representative has already been appointed in probate proceedings, appointment of a separate special representative for the deceased party is improper. Accordingly, Shatayeva asserted, the pleadings naming her as a party are impermissible and should be stricken and the case should be dismissed as time-barred.

¶ 18    The circuit court found Shatayeva's arguments to be meritorious and granted her motion to dismiss. The appellate court reversed and remanded. 2012 IL App (1st) 112071. It held that because plaintiff was unaware of Mr. Grand Pre's death at the time she filed her complaint, section 13-209(c) of the Code of Civil Procedure was the governing provision in this case and that section 13-209(b) was inapplicable. 2012 IL App (1st) 112071, ¶¶ 23-25. It further held that plaintiff's actions in securing the appointment of Shatayeva as "special administrator" when and how she did satisfied the requirements of section 13-209(c) (2012 IL App (1st) 112071, ¶ 26) and were sufficient to preserve the viability of plaintiff's

-5-

otherwise untimely cause of action. It therefore reversed and remanded for further proceedings. This appeal followed.

¶ 19                                                    ANALYSIS

¶ 20      This case was decided by the circuit court on a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)). A motion to dismiss under section 2-619 admits the legal sufficiency of the plaintiff's complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). Here, the contention was that the action was not commenced within the time limited by law. 735 ILCS 5/2-619(a)(5) (West 2010).

¶ 21      In reviewing whether a cause of action is untimely, we are not bound by the conclusions of either the circuit or the appellate court. Whether a cause of action was properly dismissed under section 2-619(a)(5) of the Code of Civil Procedure based on the statute of limitations is a matter we review *de novo*. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99 (2004). In addition, whether plaintiff's cause of action was timely in this case turns on how the provisions of section 13-209 should be interpreted. Statutory construction presents a question of law. Our review is *de novo* for this reason as well. *Township of Jubilee v. State of Illinois*, 2011 IL 111447, ¶ 23.

¶ 22      We begin our review with the obvious and unfortunate reality that the actual alleged tortfeasor, Mr. Grand Pre, is no longer with us. He died shortly after the motor vehicle accident which gave rise to this case, and was long dead by the time plaintiff filed her initial complaint in February of 2010. Under the common law of Illinois, a dead person is a nonexistent entity and cannot be a party to a suit. *Volkmar v. State Farm Mutual Automobile Insurance Co.*, 104 Ill. App. 3d 149, 151 (1982). If a person is already dead when an action is asserted against him or her, the proceedings will not invoke the trial court's jurisdiction, and any judgment entered in the case will be a nullity. *Danforth v. Danforth*, 111 Ill. 236, 240 (1884); *Bricker v. Borah*, 127 Ill. App. 3d 722, 724 (1984). For these reasons, plaintiff's initial complaint naming Mr. Grand Pre as the defendant did not operate to preserve plaintiff's claims arising from her collision with Mr. Grand Pre's vehicle in February of 2008. Those claims remain viable if and only if plaintiff's subsequent action in substituting Shatayeva as the defendant, which did not occur until the normal two-year limitations period for personal injury actions had already expired, operated to preserve plaintiff's otherwise untimely cause of action.

¶ 23      The parties agree that resolution of this question rests squarely on the construction and application of section 13-209 of the Code of Civil Procedure (735 ILCS 5/13-209 (West 2010)). The principles governing our construction of statutes are well established. The primary goal in construing a statute is to ascertain and give effect to the legislature's intent. The best indication of that intent is the language of the statute. *Wilkins v. Williams*, 2013 IL 114310, ¶ 14. In construing that language, words and phrases should not be considered in isolation. Rather, the language in each section of the statute must be examined in light of the statute as a whole, which is construed in conjunction with other statutes touching on the same or related subjects. *Carter v. SSC Odin Operating Co.*, 2012 IL 113204, ¶ 37.

¶ 24     Section 13-209 appears in article XIII of the Code of Civil Procedure (735 ILCS 5/13-101 *et seq.* (West 2010)), which deals with limitations on actions. Statutes of limitation, like other statutes, must be construed in the light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible. *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill. 2d 273, 289-90 (1954). The General Assembly has recognized, however, that injustice might result when a party by or against whom a cause of action might be brought dies before the otherwise applicable limitations period has expired. It is that problem to which section 13-209 is addressed.

¶ 25     Section 13-209 is divided into three sections. Subsection (a) (735 ILCS 5/13-209(a) (West 2010)) governs when and how a case may proceed where the party who dies prior to expiration of the limitations period is the plaintiff, a situation not present here. Where the deceased party is the defendant, subsections (b) (735 ILCS 5/13-209(b) (West 2010)) or (c) (735 ILCS 5/13-209(c) (West 2010)) come into play.

¶ 26     Subsection (b) sets forth the basic procedures and time requirements that must be followed in situations where a person against whom an action may be filed dies before the limitations period runs out, the action survives the person's death, and it is not otherwise barred. If no petition has been filed for letters of office for the decedent's estate, the court may appoint a "special representative" for the deceased party for the purposes of defending the action. 735 ILCS 5/13-209(b)(2) (West 2010). Otherwise, *i.e.*, if a petition *has* been filed for letters of office for the decedent's estate, an action may be commenced against the "personal representative" appointed by the court. 735 ILCS 5/13-209(b)(1) (West 2010).

¶ 27     The provisions of section 13-209(b) presuppose that the plaintiff is aware of the defendant's death at the time he or she commences the action. A separate set of requirements apply where, as in this case, the defendant's death is not known to plaintiff before expiration of the limitations period and, unaware of the death, the plaintiff commences the action against the deceased defendant directly. This scenario is governed by section 13-209(c) (735 ILCS 5/13-209(c) (West 2010)). Assuming that the cause of action survives the defendant's death and is not otherwise barred, section 13-209(c) permits a plaintiff to preserve his or her cause of action by substituting the deceased person's "personal representative" as the defendant. As set forth earlier in this opinion, however, that option is subject to certain conditions. The plaintiff must proceed with reasonable diligence in both "mov[ing] the court for leave to file an amended complaint, substituting the personal representative as defendant" (735 ILCS 5/13-209(c)(1) (West 2010)) and "serv[ing] process upon the personal representative" (735 ILCS 5/13-209(c)(2) (West 2010)). If process is served more than six months after issuance of letters of office to the personal representative, "the liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance." 735 ILCS 5/13-209(c)(3) (West 2010). Moreover, "[i]n no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action." 735 ILCS 5/13-209(c)(4) (West 2010).

¶ 28     The appellate court here concluded that section 13-209(c) (735 ILCS 5/13-209(c) (West 2010)) governs this case. We believe this conclusion is well founded. Section 13-209(c)

deals specifically and unambiguously with the situation where a party has commenced an action against a deceased person and that person's death is unknown to the party before the statute of limitations expires. *Augustus v. Estate of Somers*, 278 Ill. App. 3d 90, 98 (1996). That is precisely the situation before us here. Plaintiff sued Mr. Grand Pre before the two-year limitations period for personal injury actions had run out, though just barely, and proceeded against him directly because she did not yet know that he had died a year and 10 months earlier. It was not until several months after the statute of limitations had expired that she became aware of his death. Section 13-209(c) therefore controls. See *Walker v. Ware*, 2013 IL App (1st) 122364, ¶ 20.

¶ 29        Why plaintiff was not yet aware of Mr. Grand Pre's death when she filed suit is unclear. The record shows that a paid death notice had been published in the newspaper, that probate proceedings had commenced, and that information regarding Mr. Grand Pre's death and the related probate proceedings was readily available through the circuit clerk's office and online. But whether plaintiff *should* have known of Mr. Grand Pre's death is not the question. Under the express terms of section 13-209(c), the issue is simply whether Mr. Grand Pre's death *was* unknown to plaintiff. The reasonable diligence expressly required by the legislature with respect to some actions under section 13-209(c) is notably absent with respect to knowledge of a defendant's death. That being so, we cannot rewrite the statute to add such a provision. Where a statutory enactment is clear and unambiguous, a court is not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 83 (1994).

¶ 30        We turn then to the central issue in this case: whether plaintiff's actions once she did learn of Mr. Grand Pre's death complied with the conditions required by section 13-209(c). If those conditions were not satisfied, the circuit court was correct to conclude that section 13-209(c) could not be invoked by plaintiff in aid of her otherwise invalid and untimely cause of action. If the statute's conditions were met, as the appellate court believed, plaintiff's cause of action remains viable and the circuit court should not have dismissed it.

¶ 31        There is no dispute that plaintiff's cause of action falls within the category of cases covered by section 13-209(c) in that it was commenced "against a deceased person whose death [was] unknown to [the plaintiff] before the expiration of the time limited for the commencement thereof, and the cause of action survive[d], and is not otherwise barred." 735 ILCS 5/13-209(c) (West 2010). Nor is there any dispute that plaintiff therefore had the right to commence an action against Mr. Grand Pre's "personal representative," subject to the various specific conditions set forth in section 13-209(c), including that she proceed with reasonable diligence "to move the court for leave to file an amended complaint, substituting the personal representative as defendant" (735 ILCS 5/13-209(c)(1) (West 2010)) and "to serve process upon the personal representative" (735 ILCS 5/13-209(c)(2) (West 2010)). The real question in this case is whether Shatayeva qualifies as a "personal representative" within the meaning of the statute. We believe that she does not.

¶ 32        The Code of Civil Procedure does not define the term "personal representative" for purposes of section 13-209. It is therefore appropriate for us to consult a dictionary to determine its plain meaning. *People v. Perry*, 224 Ill. 2d 312, 330 (2007). In its most general

sense, "personal representative" refers to any "[a] person who manages the legal affairs of another because of incapacity or death." Black's Law Dictionary 1416 (9th ed. 2009). In the particular case of persons who have died leaving estates which must be settled and distributed, the situation before us here, "personal representative" encompasses both of two basic categories of individuals: executors, who are named in the decedent's will, and administrators, who are appointed where the decedent is intestate or else left a will but has no executor. *Id.* at 1416-17; 33 C.J.S. *Executors and Administrators* § 3 (2009); *Hayden v. Wheeler*, 33 Ill. 2d 110, 112 (1965); *Johnson v. Van Epps*, 110 Ill. 551, 559-60 (1884).

¶ 33    The rules governing executors and administrators are set forth in the Probate Act of 1975 (755 ILCS 5/1-1 *et seq.* (West 2010)). Under the Act, executors and administrators share a common trait. They are both officers of the court to whom letters of office are issued. In the case of executors, these are letters testamentary. 755 ILCS 5/6-8 (West 2010). In the case of administrators, they are letters of administration. 755 ILCS 5/9-2 (West 2010). The Probate Act also recognizes "administrator to collect" as a type of representative in addition to executors and administrators. 755 ILCS 5/1-2.15 (West 2010) . These differ from regular administrators (see 755 ILCS 5/10-1 *et seq.* (West 2010)), but also require issuance of letters of office. See 755 ILCS 5/10-1 (West 2010). Issuance of letters of office would therefore appear to be a hallmark of "personal representatives" as that term is commonly understood when applied to situations involving estates which must be settled and distributed following a person's death.

¶ 34    The terminology employed by the General Assembly in section 13-209 of the Code of Civil Procedure (735 ILCS 5/13-209 (West 2010)) is consistent with this usage. In setting forth the requirements which must be followed in order to preserve a cause of action when a party by or against whom the action might be brought dies before the otherwise applicable limitations period has expired, section 13-209 of the Code of Civil Procedure (735 ILCS 5/13-209 (West 2010)) distinguishes between "representatives" or "personal representatives," on the one hand, and "special representatives," on the other. Where the legislature has employed certain language in one part of a statute and different language in another, we may assume different meanings were intended (*State Bank of Cherry v. CGB Enterprises, Inc.*, 2013 IL 113836, ¶ 56), and the difference in meaning here is apparent. "Special representatives" are referenced only with respect to situations where "no petition for letters of office for the decedent's estate has been filed." See 735 ILCS 5/13-209(a)(2), (b)(2) (West 2010). In all other situations, which by inference must be whenever petitions for letters of office *have* been filed, the statute refers to "representatives" or "personal representatives."

¶ 35    Plaintiff would have us treat "personal representatives" and "special representatives" as interchangeable, but her approach is incompatible with the history of section 13-209. Prior to its amendment by Public Act 90-111 in 1997, section 13-209 only made provision for actions by or against "personal representatives." See 735 ILCS 5/13-209(a), (b), (c) (West 1996). No mention was made of "special representatives." The references to "special representatives" were all added at the same time through Public Act 90-111, and in each instance, the new provisions allowing appointment of "special representatives" to bring or defend against actions were preceded by the conditional clauses "if no petition for letters of office for the decedent's estate has been filed" (735 ILCS 5/13-209(a)(2) (West 2010)) and

"if no petition has been filed for letters of office for the deceased's estate" (735 ILCS 5/13-209(b)(2) (West 2010)). By adding the new term "special representative" and expressly limiting use of "special representatives" to situations where no petition for letters of office had been filed, the General Assembly must have understood the preexisting statutory term "personal representatives" as referring to individuals to whom letters of office had been issued. No other interpretation of the statutory change is tenable.

¶ 36    That a "personal representative" means one appointed pursuant to a petition for issuance of letters of office is confirmed by section 13-209(c) (735 ILCS 5/13-209(c) (West 2010)), the specific provision governing this case. As noted earlier in this opinion, that subsection affords litigants an opportunity to save an otherwise time-barred claim where they have sued a deceased person whose death was unknown to them before expiration of the applicable statute of limitations. To avail themselves of this opportunity, however, litigants must "proceed[ ] with reasonable diligence to serve process upon the personal representative" (735 ILCS 5/13-209(c)(2) (West 2010)) and "[i]f process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance" (735 ILCS 5/13-209(c)(3) (West 2010)). If "personal representative" was not intended by the legislature to refer specifically to an individual appointed to settle and distribute an estate pursuant to a petition for issuance of letters of office, whether as an executor or as an administrator, using the time when letters of office issued as a point of demarcation regarding the scope of the estate's liability would serve no purpose.

¶ 37    That "personal representative" as used in section 13-209 was intended by the legislature to refer specifically to individuals appointed to settle and distribute a decedent's estate pursuant to a petition for issuance of letters of office is also consistent with how the term is used in section 2-1008(b) of the Code of Civil Procedure (735 ILCS 5/2-1008(b) (West 2010)), which deals with the related question of what happens when a party to an action dies after suit has been filed. There, as in section 13-209, the term "special representative" is used when referring to individuals appointed by the court in situations where no petition for letters of office for the decedent's estate has been filed. 735 ILCS 5/2-1008(b)(1), (b)(2) (West 2010). Where a petition for letters of office has been filed, the relevant entity is the "personal representative," just as it is under section 13-209. See 735 ILCS 5/2-1008(b)(2) (West 2010).

¶ 38    That a "personal representative" refers to someone appointed pursuant to a petition for letters of office while "special representative" designates someone appointed by the court in situations where no petition for letters of office for the decedent's estate has been filed is further supported by the fact that section 2-1008(b) includes an express provision for substituting the personal representative for the special representative "[a]t any time that an estate is opened with a representative other than the special representative." 735 ILCS 5/2-1008(b)(1) (West 2010). If the terms "personal representatives" and "special representatives" were synonymous and freely interchangeable, this provision would make no sense.

¶ 39    When construing statutes, it is appropriate to consider similar and related enactments, though not strictly *in pari materia*. We must presume that several statutes relating to the same subject are governed by one spirit and a single policy, and that the legislature intended the several statutes to be consistent and harmonious. *Wade v. City of North Chicago Police*

*Pension Board*, 226 Ill. 2d 485, 511-12 (2007). Accordingly, we believe that section 2-1008(b) of the Code of Civil Procedure (735 ILCS 5/2-1008(b) (West 2010)) supports our interpretation of section 13-209(c).

¶ 40    So, too, does section 6-139 of the Code of Civil Procedure (735 ILCS 5/6-139 (West 2010)). That statute deals with the death of the plaintiff in an action for ejectment. It is clear from the text of the law that when it refers to "the decedent's personal representatives," it means individuals to whom letters of office have been granted by the court under the Probate Act. We know that is what it means because "the granting of letters of office to them" is one of the things that must be demonstrated in order for a personal representatives to step into the shoes of a "plaintiff in ejectment [who] dies after issue joined or judgment entered therein." 735 ILCS 5/6-139 (West 2010).

¶ 41    In this case, a petition for issuance of letters of office was filed pursuant to the Probate Act, but it was filed by Mr. Grand Pre's son, and it was the son to whom the letters of office were granted. Mr. Grand Pre's son was therefore his "personal representative" under section 13-209(c) of the Code of Civil Procedure (735 ILCS 5/13-209(c) (West 2010)). Shatayeva was not. Shatayeva did not seek and was not granted either letters testamentary or letters of administration to settle and distribute Mr. Grand Pre's estate. She was merely appointed at plaintiff's request to serve as "special administrator."

¶ 42    Why plaintiff referred to Shatayeva's appointment using the term "special administrator" is unclear. She cited no statutory authority for that request in her motion, and the term is not used anywhere in section 13-209. It may be because plaintiff was thinking in terms of an earlier verison of section 2-1008(b). We surmise this because section 2-1008(b) deals with a related problem, as we have already noted, and prior to its amendment in 1997, it used the term "special administrator" when referring to an individual appointed in cases where no petition for issuance of letters of office had been issued (735 ILCS 5/2-1008(b) (West 1996)), instead of the current phrase, "special representative."

¶ 43    As previously discussed, section 2-1008(b) itself can have no direct application here. It applies where a party dies while a case is already pending. It may not be used where, as in this case, a defendant dies before the action is instituted. *Greene v. Helis*, 252 Ill. App. 3d 957, 961 (1993); *Sepeda v. LaBarre*, 303 Ill. App. 3d 595, 598 (1999).[2]

¶ 44    While section 2-1008(b) is not directly applicable, case law construing the previous version of the law confirms our interpretation of the law. A "special administrator" appointed under the former version of section 2-1008(b) of the Code of Civil Procedure to defend against an action was not the equivalent of an administrator appointed pursuant to a petition

---

[2]*Gaddy v. Schulte*, 278 Ill. App. 3d 488 (1996), a panel of the Fifth District of the Appellate Court did sanction the use of section 2-1008 of the Code of Civil Procedure for appointment of a "special administrator" to defend an action where the alleged tortfeasor died before the action was instituted and indicated that a person could qualify as a personal representative under section 13-209 (735 ILCS 5/13-209 (West 2010)) even though letters of office had not issued to that person under the Probate Act. *Gaddy* has not been followed by the courts of Illinois and for the reasons discussed in this opinion, it is incorrect on both counts.

for issuance of letters of office under the Probate Act. *Hannah v. Gilbert*, 207 Ill. App. 3d 87, 90 (1990). No letters of office were issued to a "special administrator," and "special administrators" had no authority to distribute assets of a decedent's estate. *Id.* In the parlance of the current statute, they were therefore equivalent to "special representatives," not "personal representatives." Accordingly, appointment of a "special administrator" would not operate to trigger the provisions of section 13-209 of the Code of Civil Procedure permitting actions against an individual appointed to settle and distribute an estate pursuant to a petition for issuance of letters of office, *i.e.*, personal representatives. See *Greene v. Helis*, 252 Ill. App. 3d at 961; *Lindsey v. Special Administrator of the Estate of Phillips*, 219 Ill. App. 3d 372, 376 (1991); *Bricker v. Borah*, 127 Ill. App. 3d 722, 725 (1984).

¶ 45 In *Keller v. Walker*, 319 Ill. App. 3d 67 (2001), a panel of the Third District of the Appellate Court did conclude that the plaintiffs in a personal injury action could satisfy the requirements of section 13-209(c) by seeking appointment of a special administrator in a case where the alleged tortfeasor had died without a will and no estate had been opened. In reaching that conclusion, however, the court did not recognize, consider or discuss the significance of section 13-209(c)'s use of the term "personal representative"; that a special administrator would only qualify as a "special representative," not a "personal representative"; or that under section 13-209(c), as throughout the statutory scheme enacted by our legislature, a "personal representative" refers specifically to an individual appointed to settle and distribute an estate pursuant to a petition for issuance of letters of office. There is no indication in *Keller* that these problems were even raised. The decision is therefore of no value in the resolution of this case. See *Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.*, 160 Ill. App. 3d 427, 431 (1987) (no precedent established on points neither argued nor discussed in an opinion). *Keller* is also inapposite because, of course, an estate had been opened in this case, a petition for issuance of letters of office had been filed and a personal representative had been appointed long before plaintiff first instituted her cause of action.[3]

¶ 46 Under the plain language of section 13-209(c), plaintiff was obligated to proceed against Mr. Grand Pre's duly appointed personal representative, substituting him as the defendant, once she learned of Mr. Grand Pre's death if she wished to preserve her otherwise invalid cause of action. She did not. Instead, as we have noted, she elected to have her lawyer's secretary appointed "special administrator" and sued her instead. Under these circumstances, the circuit court was correct when it concluded that section 13-209(c) could not properly be invoked by plaintiff to preserve her otherwise untimely cause of action.

¶ 47 Practitioners familiar with trusts and estates will recognize that the Probate Act itself makes provision for appointment of special administrators under limited circumstances. They will also recognize, however, that those provisions are of no use to plaintiff here and

[3]*Minikon v. Escobedo*, 324 Ill. App. 3d 1073 (2001), another appellate decision involving section 13-209(c), concerned the relationship between that statute and 2-616(d) of the Code of Civil Procedure (735 ILCS 5/2-616(d) (West 2010)) and whether plaintiff had met section 13-209(c)'s due diligence requirements. No issue was raised as to whether a "special administrator" qualified as a "personal representative" and it is distinguishable from this case for the same reasons that *Keller* is.

therefore cannot alter the outcome of this case.

¶ 48    Section 8-1(e) of the Act (755 ILCS 5/8-1(e) (West 2010)) authorizes appointment of a special administrator to defend a proceeding to contest the validity of a will or prosecute an appeal from a judgment in a will contest case if the decedent's representative fails or refuses to do so or if there is no representative to act when the contest is brought. Similarly, section 8-2(e) of the Act (755 ILCS 5/8-2(e) (West 2010)) authorizes appointment of a special administrator to defend a proceeding to probate a will or prosecute an appeal where admission of a will to probate has been denied if the decedent's representative fails or refuses to do so when ordered by the court or if there is no representative then acting. Those circumstances are clearly not present in this case. There is no will contest, admission of the will to probate was not denied, a representative for defendant was already in place, and there is no indication that the representative failed or refused to undertake any of his obligations.

¶ 49    The Probate Act also allows appointment of a special administrator to represent the estate in a proceeding for issuance of a citation on behalf of the estate in cases where a person is believed "(1) to have concealed, converted or embezzled or to have in his possession or control any personal property, books of account, papers or evidences of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his representative or (2) to have information or knowledge withheld by the respondent from the representative and needed by the representative for the recovery of any property by suit or otherwise" (755 ILCS 5/16-1(a) (West 2010)), and decedent's personal representative is the respondent in the case (755 ILCS 5/16-1(c) (West 2010)). Again, however, these circumstances are not present here. This is not a citation proceeding on behalf of the estate, and the personal representative named by Mr. Grand Pre, his son, is not a respondent.

¶ 50    Finally, section 18-8 of the Act (755 ILCS 5/18-8 (West 2010)) calls for appointment of a special administrator in cases where the decedent's representative or the representative's attorney has a claim against the estate. This situation is not before us either. The claim here is not being pressed by Mr. Grand Pre's personal representative, or by an attorney for his personal representative.

¶ 51    We note, moreover, that a common thread in all of the foregoing provisions is that appointment of a special administrator is appropriate only where action or inaction by the personal representative designated by the decedent may be adverse to the interests of the decedent's estate. Plaintiff has not cited any cases permitting the appointment of a special administrator to protect the interests of a decedent's estate where, as here, an estate is already opened, letters of office have already issued to an executor to settle and distribute the estate, the executor has undertaken his responsibilities and no conflict of interest is alleged.

¶ 52    The absence of authority for appointment of a separate special administrator under such circumstances is not difficult to explain. Having two separate individuals attempting to operate simultaneously and independently on behalf of the same decedent poses obvious problems for the prompt, efficient and final settlement of the decedent's affairs. Moreover, Illinois law is clear that a testator has the right to designate by will who shall act as his personal representative, and a court may not ignore his directions and appoint someone else

to act in that capacity. Where, as here, the testator has designated such a representative, the appointment of another party to serve as special administrator impermissibly infringes on that right and is not allowed. See *In re Estate of Faught*, 111 Ill. App. 3d 1043, 1045 (1983). Indeed, in addressing this problem in the context of the Wrongful Death Act (740 ILCS 180/2.1 (West 2010)), courts have concluded that appointment of a special administrator after a petition for issuance of letters of office has been filed is void. *Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶¶ 104-05.

¶ 53    Plaintiff urges us to adopt a "no harm, no foul" approach and sanction what she attempted to do on the grounds that there would be no prejudice to Mr. Grand Pre's estate from multiple representatives because she is not seeking recovery from Shatayeva beyond amounts for which the estate is protected by liability insurance. A threshold problem with this argument is that we have no basis for evaluating it. While plaintiff may perceive no prejudice to the estate, her interests are inherently antithetical to its, and the estate may very well have a different view. Unfortunately, we do not know what the personal representative of the estate or the heirs or legatees think because none of them were ever notified of this litigation or Shatayeva's appointment to defend against it.

¶ 54    The intrinsic conflict between plaintiff's interests and those of the estate is problematic for another reason as well. The Probate Act expressly and unequivocally holds that "[t]he person appointed *** special administrator under this Act may not be selected upon the recommendation of any person having an interest adverse to the person represented by the *** special administrator or by the attorney for the adverse party." 755 ILCS 5/27-5 (West 2010). Under this provision, appointment of Shatayeva would have been improper even if there were some basis for appointment of a special administrator, for her selection was based entirely on the recommendation of the attorney for plaintiff, who was clearly an adverse party.

¶ 55    It is true, of course, that Shatayeva's appointment was not predicated on the Probate Act. As noted earlier, we do not know what it was based on because no statutory basis for the appointment was stated in the motion seeking her appointment or in the order granting it, and, in any case, none of the circumstances under which the Probate Act authorizes appointment of a special administrator are present here. Even though the Probate Act is not directly controlling, however, the soundness of the principles underlying the foregoing provision is unassailable and further undermines the propriety of the procedure followed in appointing Shatayeva.

¶ 56    Plaintiff asks us to excuse her failure to discover that an estate had already been opened for Mr. Grand Pre on the grounds that her attorney did make some effort to check the court records, and was unsuccessful. Exactly what inquiries the attorney actually made, however, are never described. They could not have been significant, for, as counsel for Shatayeva points out, information regarding the estate and the appointment of Grand Pre's son as independent administrator was readily available through the Cook County circuit clerk's office and online. In any case, the claim "I tried" is not sufficient under the governing statute. While section 13-209 may impose no duty of reasonable diligence to discover a defendant tortfeasor's death in the first instance, it clearly and unequivocally requires reasonable diligence by a plaintiff after learning of the death, including reasonable diligence in moving

-14-

to file an amended complaint substituting the personal representative as defendant (735 ILCS 5/13-209(c)(1) (West 2010)) and serving him or her with process (735 ILCS 5/13-209(c)(2) (West 2010)). Implicit in both those obligations is the duty to use reasonable diligence in identifying the personal representative. Based on the scant record before us, plaintiff's efforts here fell short of that standard.

¶ 57     We note, moreover, that even if plaintiff's delay in discovering the existence of the estate were excusable, that still would not justify her failure to then proceed as section 13-209(c) requires. Plaintiff had ample opportunity to properly comply with that statute after learning that an estate was already open, a petition for issuance of letters of office had been filed, and an independent administrator had been appointed and was already in place. Plaintiff's failure to substitute the correct party following Mr. Grand Pre's death was brought to her attention no later than March of 2011, when Shatayeva moved to dismiss. Although the original limitations period on plaintiff's claims had expired the previous year, section 13-209(c)(4) (735 ILCS 5/13-209(c)(4) (West 2010)) gave her up to two additional years beyond the expiration date to proceed against the personal representative, assuming the other requirements of section 13-209 were satisfied. Nothing in the record before us indicates that requiring plaintiff to substitute the existing personal representative for Shatayeva, the "special administrator," would have disadvantaged plaintiff in any way. She simply elected not to do so.

¶ 58     Now, unfortunately for plaintiff, it is too late. The extra two-year window afforded by section 13-209(c)(4) has closed. To excuse plaintiff's failure to comply with the requirements of section 13-209(c) and allow her to substitute the personal representative at this point would require us to do something which we simply have no authority to do: rewrite the Code of Civil Procedure to allow a plaintiff to amend a pleading after the statute of limitations had run. See *Augustus v. Estate of Somers*, 278 Ill. App. 3d 90, 99 (1996). It is no answer to say that the issue here is simply a matter of procedure. "[E]ven though procedural in nature, a statute of limitations, if properly asserted by one entitled to its protection, is a bar to an action. It is a legislatively determined deadline for commencing an action against one who otherwise might be legally indebted to a plaintiff. This court may not *** effectively eviscerate a valid statute of limitations." *Vaughn v. Speaker*, 126 Ill. 2d 150, 161 (1988).

¶ 59                                        CONCLUSION

¶ 60     For the foregoing reasons, we hold that plaintiff's substitution of her lawyer's secretary as "special administrator" in place of Mr. Grand Pre following expiration of the statute of limitations did not operate to preserve her otherwise invalid cause of action against him. Because an estate had already been opened for Mr. Grand Pre and letters of office had issued to his executor, section 13-209(c) required that plaintiff commence the action against the executor, as Mr. Grand Pre's "personal representative," upon learning of Mr. Grand Pre's death. Plaintiff had ample time to exercise that option, but did not. Her cause of action was therefore properly dismissed by the circuit court, and the appellate court erred when it reversed and remanded for further proceedings. Accordingly, the judgment of the appellate court is reversed and the circuit court's judgment dismissing plaintiff's cause of action is

affirmed.

¶ 61     Appellate court judgment reversed.

¶ 62     Circuit court judgment affirmed.


¶ 63     CHIEF JUSTICE KILBRIDE, dissenting:

¶ 64     While I agree with the majority's conclusion that subsection (c) of section 13-209 applies to this case, I respectfully dissent from the majority opinion. I disagree with the majority's conclusion that plaintiff did not comply with subsection (c) of the applicable statute. In fact, that was never an issue raised or argued in this case. Notably, defendant conceded that plaintiff complied with the requirements of section 13-209(c) of the Code of Civil Procedure (735 ILCS 5/13-207(c) (West 2010)).

¶ 65     In reviewing a statute, our objective "is to ascertain and give effect to the intent of the legislature." *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 56. In doing so, we must consider the plain and ordinary meaning of the language of the statute. *Gaffney*, 2012 IL 110012, ¶ 56. "We will not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent of the legislature." *Gaffney*, 2012 IL 110012, ¶ 56. Further, we will not utilize extrinsic aids of statutory interpretation unless the statutory language is unclear or ambiguous. *Gaffney*, 2012 IL 110012, ¶ 56.

¶ 66     Section 13-209 of the Code of Civil Procedure specifically addresses the situation involving the death of a party. 735 ILCS 5/13-209 (West 2010). Section 13-209 contains three subsections, (a), (b), and (c). 735 ILCS 5/13-209 (West 2010). Subsection (a) addresses when "a person entitled to bring an action dies." 735 ILCS 5/13-209(a) (West 2010). Subsection (a) is not applicable in this case.

¶ 67     Subsection (b) of section 13-209 provides, in relevant part:

"(b) If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred:

(1) an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death;

(2) if no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims." 735 ILCS 5/13-209(b) (West 2010).

¶ 68        Defendant argued below, and in this court, that subsection (b) of section 13-209 is applicable in this case because Mr. Grand Pre died before the expiration of the statute of limitations. However, the plaintiff did not learn of Mr. Grand Pre's death until after she filed her cause of action. Accordingly, I agree with the majority that "[t]he provisions of section 13-209(b) presuppose that the plaintiff is aware of the defendant's death at the time he or she commences the action," and is, therefore, not applicable when the defendant's death is unknown to the plaintiff. *Supra* ¶ 27. I also agree with the majority that subsection (c) of section 13-209 is applicable in this case.

¶ 69        Subsection (c) of section 13-209 provides:

> "(c) If a party commences an action against a deceased person *whose death is unknown to the party* before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all of the following terms and conditions are met:
>
>> (1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.
>>
>> (2) The party proceeds with reasonable diligence to serve process upon the personal representative.
>>
>> (3) If process is served more than 6 months after the issuance of letters office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.
>>
>> (4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action." (Emphases added.) 735 ILCS 5/13-209(c) (West 2010).

¶ 70        Subsection (c) of section 13-209 specifically addresses situations when a plaintiff is unaware, at the time of filing the action, that a named defendant is dead. Section 13-209(c) allows a plaintiff to proceed against a deceased person's personal representative if the plaintiff, at the time of the filing of the original complaint, did not know about the deceased's death. Subsection (c) makes no reference to whether an estate is open or closed. Rather, the focus is on the plaintiff's knowledge.

¶ 71        I would hold that the circuit court erred in granting defendant's section 2-619 motion to dismiss because plaintiff properly proceeded under section 13-209(c) of the Code. The plain language of subsection (c) states "[i]f a party commences an action against a deceased person *whose death is unknown to the party* before the expiration of the time limited for the commencement thereof." (Emphases added.) 735 ILCS 5/13-209(c) (West 2010). In this case, plaintiff did not know of decedent's death until after she filed her cause of action. This is not disputed by the majority.

¶ 72        While I agree with the majority's conclusion that subsection (c) of section 13-209 applies to this case, I believe the majority misapplies subsection (c). Plaintiff alleged, and defendant does not dispute, that she followed the requirements of section 13-209(c)(1) through (4) of

the Code once she learned of Mr. Grand Pre's death. 735 ILCS 5/13-209(c)(1)-(4) (West 2010). Specifically, plaintiff was unaware of decedent's death when she commenced the action. Plaintiff moved diligently to substitute a personal representative. She moved diligently to serve a personal representative. The decedent and his estate are protected by liability insurance. The personal representative was served within two years of the time limited for commencement of the action.

¶ 73     The majority determines that Shatayeva does not qualify as a "personal representative" within the meaning of subsection (c), even though it admits that "[t]he Code of Civil Procedure does not define the term 'personal representative' for purposes of section 13-209." Clearly, plaintiff used reasonable diligence to have a personal representative appointed and substituted for Mr. Grand Pre. Her mistake in misnaming the personal representative as "special representative" or "special administrator" should not result in a loss of her cause of action. Rather, now that plaintiff is aware an estate was opened for Mr. Grand Pre, plaintiff should be allowed to substitute the independent administrator of the estate for Shatayeva as Mr. Grand Pre's personal representative in this action. I would note that the estate is not prejudiced by allowing plaintiff to proceed because the liability of the estate is limited to the extent the estate is protected by liability insurance.

¶ 74     It is clear that the legislature enacted section 13-209(c) specifically to address situations when a plaintiff is unaware, at the time of filing a cause of action, that a named defendant is deceased. Accordingly, I would hold that plaintiff properly proceeded under section 13-209(c) of the Code and the circuit court erred when it granted defendant's section 2-619 motion to dismiss. I would, therefore, affirm the appellate court's judgment.

¶ 75     For the foregoing reasons, I respectfully dissent.