# Illinois Official Reports

## Appellate Court

---

**In re N.M., 2014 IL App (4th) 130604**

---

| | |
|---|---|
| Appellate Court Caption | In re: N.M., a Minor, THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. LE'KIESHA McFADDEN and JIMALE WILLIAMS, Respondents, and BOBBIE GREGG, Acting Director of the Department of Children and Family Services, Respondent-Appellant.–In re: S.B. and K.B., Minors, THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. RAMIE DAVIS and SHANE BURDETTE, Respondents, and BOBBIE GREGG, Acting Director of the Department of Children and Family Services, Respondent-Appellant.–In re: J.S., a Minor, THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. HEATHER LONG and JEFFREY SMITH, Respondents, and BOBBIE GREGG, Acting Director of the Department of Children and Family Services, Respondent-Appellant.–In re: M.R. and K.A., Minors, THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. ALEXIS WINFREY and KEVIN AKINS, Respondents, and BOBBIE GREGG, Acting Director of the Department of Children and Family Services, Respondent-Appellant.–In re T.E., a Minor, THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. KATHLEEN EBLE and JOSEPH STEERMAN, Respondents, and BOBBIE GREGG, Acting Director of the Department of Children and Family Services, Respondent-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-13-0604, 4-13-0607, 4-13-0608, 4-13-0609, 4-13-0611 cons. |
| Rule 23 Order filed | March 12, 2014 |
| Rule 23 Order withdrawn | April 17, 2014 |
| Opinion filed | April 17, 2014 |

| | |
|---|---|
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In five consolidated appeals of juvenile cases in which the trial judge entered dispositional orders including a requirement that an employee of the Department of Children and Family Services attend all hearings, even though the cases had been assigned to private-agency caseworkers, the appellate court vacated the requirement that an employee of DCFS appear at all hearings, since the Juvenile Court Act provides that a private-agency caseworker assigned to a case may appear and testify at a juvenile court proceeding without the presence of a DCFS employee, subject to the limited statutory exception that the court may order a DCFS employee to appear if the court makes a finding that an appearance would be in the minor's best interests and sets forth reasons for such an appearance in writing. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, Nos. 12-JA-52, 12-JA-47, 12-JA-51, 12-JA-54, No. 12-JA-53; the Hon. Richard P. Klaus, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Paul Racette, Assistant Attorney General, of counsel), for appellant.<br><br>Julia Reitz, State's Attorney, of Urbana (Patrick Delfino and David J. Robinson, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>Carrie L. Kmoch, of CASA of Champaign County, of Urbana, guardian *ad litem*. |
| Panel | JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.<br>Justices Turner and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1     In these five consolidated appeals, respondent, Bobbie Gregg, as the Acting Director of the Illinois Department of Children and Family Services (DCFS), challenges the portions of the juvenile court's dispositional orders requiring DCFS employees to appear at all hearings even though DCFS had assigned private-agency caseworkers to the minors' cases. (We note that, initially, Richard H. Calica was named as respondent; however, because Bobbie Gregg is now the Acting Director of DCFS, we have substituted her as the party on appeal.) The Director contends the juvenile court erred by ordering DCFS employees to appear at the hearings because (1) section 1-17 of the Juvenile Court Act of 1987 (Juvenile Act) (705 ILCS 405/1-17 (West 2012)) establishes a general rule that a private-agency caseworker assigned to a minor's case may appear and testify at juvenile court proceedings without the presence of a DCFS employee, and (2) the limited statutory exception to the general rule in section 1-17 applies only where the circuit court makes an individualized factual finding after hearing evidence.

¶ 2     We affirm in part and vacate in part.

¶ 3                                    I. BACKGROUND

¶ 4     In February 2013, the juvenile court entered dispositional orders in Champaign County case Nos. 12-JA-52, 12-JA-47, 12-JA-51, 12-JA-54, and 12-JA-53. Relevant to this appeal, each order required that a DCFS employee be present at all hearings, despite private-agency caseworkers having been assigned to the minors' cases. Each order contained the following language:

> "Because DCFS as guardian is the only agency accountable to the Court for the full and complete implementation of this order and the only agency with full knowledge of the services available, DCFS is ordered to appear by one of its caseworkers at the next hearing and all subsequent hearings and may not delegate this responsibility to any other agency."

¶ 5     Later that month, DCFS filed a verified motion in each case. (In case No. 12-JA-54, DCFS also filed a March 2013 corrected verified motion.) In the motions, DCFS noted that it had transferred primary case management responsibility in each case to a private agency. As a result of the transfer, DCFS noted, the private caseworkers were required to perform all case management functions and were best equipped to answer any specific factual questions regarding the cases. DCFS further explained that, prior to January 1, 2013, it employed "court monitors" tasked with appearing at all hearings in which the guardianship administrator had assigned responsibility for a minor to a private agency. As a result of budget cuts, however, DCFS eliminated the "court monitor" positions after January 1, 2013. According to DCFS, if a court forced DCFS to create or modify a position to encompass the prior court monitors' duties, it would create a financial hardship for DCFS and create problems under DCFS's collective-bargaining agreement.

¶ 6     DCFS also asserted that by requiring an employee to appear at all hearings, the juvenile court had, "in effect," ordered DCFS to maintain a court monitor position, thereby infringing on the Director's discretion to manage her agency. In addition, DCFS posited that under the plain language of section 1-17 of the Juvenile Act, the court could only order a DCFS

employee to appear at a hearing in addition to a private-agency employee after the court first determined the minor's best interest necessitated such an appearance and set forth its findings in writing. Further, DCFS claimed the legislature did not intend to give the court unfettered power to require an employee to appear at all hearings wherein primary responsibility had been transferred to a private agency; rather, the court could only order a DCFS employee to be present pursuant to section 1-17 of the Juvenile Act on a "case-by-case and hearing-by-hearing basis." Finally, according to DCFS, the court could not realistically expect DCFS employees to know "every detail of every case for every hearing in Champaign County," especially when a private agency had assumed primary case management responsibility, and in any event, DCFS remained fully accountable to the court even if an employee did not appear in court.

¶ 7    As its prayer for relief in each of the five cases, DCFS requested the juvenile court reconsider and strike the portions of its dispositional orders requiring a DCFS caseworker to be present at all subsequent hearings. In the alternative, DCFS requested the court hold an evidentiary hearing to determine whether the minors' best interests necessitated the presence of a DCFS employee at the next hearing and in any subsequent hearing in each case.

¶ 8    In April 2013, the juvenile court held a hearing on the motions. At the hearing, DCFS asserted that section 1-17 of the Juvenile Act imposed the burden on a private caseworker assigned to the case to have specific knowledge regarding that case. In the event the caseworker was unprepared or failed to adequately inform the court about the case, the court had three remedies available: to (1) remove DCFS as guardian and appoint someone else as guardian of the child, (2) withhold a "reasonable efforts" finding, resulting in a loss for DCFS of federal reimbursement money, and (3) issue a contempt ruling. DCFS also argued the court could do "a lot of steering" in a case by finding the services outlined in a service plan were not reasonably calculated to facilitate achievement of the permanency goal, thereby forcing a caseworker to file a new service plan within 45 days. In addition, the court could enforce section 2-28(2) of the Juvenile Act (705 ILCS 405/2-28(2) (West 2012)), which requires caseworkers to file permanency reports 14 days before a permanency hearing, and the court would then know before a hearing whether it needed to subpoena DCFS. DCFS also argued that the juvenile court's practice of routinely requiring DCFS employees to appear at all hearings did not serve the purpose of providing the court with better information about the minors' cases.

¶ 9    The State took no position on the verified motions. The guardian *ad litem* (GAL) and the parents' attorneys requested that the juvenile court deny DCFS's motions.

¶ 10    The juvenile court rejected DCFS's request that the court hold an evidentiary hearing in each case before requiring a DCFS employee to appear at subsequent hearings. The court noted that since DCFS had eliminated the court monitors' positions, the quality of reports the court received from private agencies had declined dramatically and caseworkers had been unresponsive. Following the hearing, the court took the matter under advisement.

¶ 11    In June 2013, the juvenile court issued orders in each case denying the motions to reconsider. The court found that the plain language of section 1-17 of the Juvenile Act did not require the court to hold an evidentiary hearing before requiring DCFS's appearance in cases. Rather, section 1-17 of the Juvenile Act required only that the court set forth its reasons in writing, which the court had done. Thus, the court found DCFS's argument to be "completely without merit."

¶ 12     The juvenile court stated that, "simply put," DCFS made a "massive mistake" by eliminating the two court monitor positions. Without the court monitors, it seemed DCFS was not monitoring the vendors to which it assigned cases "in any meaningful way." The court noted that the vendors (1) routinely failed to follow court orders, including visitation and "no contact" orders; (2) recommended outcomes that were not permissible under the Juvenile Act or DCFS regulations; (3) failed to notify the court of significant issues with foster placements or of instances when minors left their placements for significant periods of time; and (4) failed to attend court or file timely or meaningful reports. The court rejected DCFS's suggestions as to the actions it could take when it was dissatisfied with DCFS's performance, reasoning that juvenile abuse and neglect proceedings are expedited because children need permanency as rapidly as it can be obtained, and by the time a permanency hearing is held, "it is imperative that the court have a complete, meaningful, and timely report."

¶ 13     The following month, DCFS filed a notice of appeal in each case. This court docketed case No. 12-JA-52 as No. 4-13-0604, case No. 12-JA-47 as No. 4-13-0607, case No. 12-JA-51 as No. 4-13-0608, case No. 12-JA-54 as No. 4-13-0609, and case No. 12-JA-53 as No. 4-13-0611. We then consolidated the cases on appeal.

¶ 14                                    II. ANALYSIS

¶ 15     On appeal, the Director contends the juvenile court erred by ordering DCFS employees to appear at the hearings because (1) section 1-17 of the Juvenile Act establishes a general rule that a private-agency caseworker assigned to a minor's case may appear and testify at juvenile court proceedings without the presence of a DCFS employee, and (2) the limited statutory exception to the general rule in section 1-17 applies only where the circuit court makes an individualized factual finding after hearing evidence.

¶ 16     This case presents an issue of statutory construction, which is a question of law that we review *de novo. Relf v. Shatayeva*, 2013 IL 114925, ¶ 21, 998 N.E.2d 18. "The primary goal in construing a statute is to ascertain and give effect to the legislature's intent," and the most reliable indicator of that intent is the statute's language. *Id.* ¶ 23, 998 N.E.2d 18. "When the statutory language is clear and unambiguous, it must be applied as written, without resort to extrinsic aids of statutory construction." *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440, 925 N.E.2d 1113, 1117 (2010). By contrast, "where the language of a statute is ambiguous, we may consider other sources such as legislative history to ascertain the legislature's intent." *Gruszeczka v. Illinois Workers' Compensation Comm'n*, 2013 IL 114212, ¶ 17, 992 N.E.2d 1234. "A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses." *Id.* ¶ 16, 992 N.E.2d 1234.

¶ 17     As previously detailed, when the juvenile court makes a minor a ward of the court and determines that the minor's parents are unfit to care for the minor, the court may appoint the Guardianship Administrator of DCFS as the minor's guardian. 705 ILCS 405/2-27(1)(d) (West 2012). In turn, the Guardianship Administrator may designate as the minor's caseworker an employee from a private social services agency that has contracted with DCFS. 20 ILCS 505/23 (West 2012); 705 ILCS 405/1-17 (West 2012). Section 1-17 of the Juvenile Act (705 ILCS 405/1-17 (West 2012)), which governs the assignment of private social service agency caseworkers, provides as follows:

          "With respect to any minor for whom the Department of Children and Family Services Guardianship Administrator is appointed the temporary custodian or guardian, the

Guardianship Administrator may designate in writing a private agency or an employee of a private agency to appear at court proceedings and testify as to the factual matters contained in the casework files and recommendations involving the minor. The private agency or the employee of a private agency must have personal and thorough knowledge of the facts of the case in which the appointment is made. The designated private agency or employee shall appear at the proceedings. If the Court finds that it is in the best interests of the minor that an employee or employees of the Department appear in addition to the private agency or employee of a private agency, the Court shall set forth the reasons in writing for their required appearance."

¶ 18    Thus, the plain language of the statute makes clear that when DCFS designates a private agency or its employee as a minor's caseworker, that agency or employee is responsible for having knowledge of the case and for appearing at hearings. The second portion of the statute also makes clear that, after DCFS assigns a private caseworker to a minor's case, the juvenile court may nonetheless order a DCFS employee to appear at subsequent hearings if the court (1) finds it is in the minor's best interests and (2) sets forth the reasons for the DCFS employee's appearance in writing. The question becomes whether, as here, the court can enact a blanket requirement that DCFS appear at all hearings without first making a finding based on the unique circumstances of that particular case that the minor's best interests necessitate the appearance.

¶ 19    We conclude, under the plain language of the statute, it cannot. The statute requires the juvenile court make a finding "that it is in the best interests of the minor" that a DCFS employee appear. 705 ILCS 405/1-17 (West 2012). This language means the court must make some type of particularized finding relating to the specific minor's case. To hold otherwise would effectively circumvent the first portion of the statute allowing private-agency employees to appear at hearings in place of DCFS employees. See *Madison Two Associates v. Pappas*, 227 Ill. 2d 474, 493, 884 N.E.2d 142, 155 (2008) ("[W]henever possible courts must construe statutes so that no part is rendered a nullity."). Requiring DCFS to appear at a hearing when a private-agency caseworker who possesses personal and thorough knowledge of the facts of the case would be present, without a finding as to how DCFS's appearance would be in the minor's best interests, would contradict the purpose of the statute.

¶ 20    The Director also contends that before making its best-interests determination, the juvenile court must first hold an evidentiary hearing. We disagree. The statute does not specify that a hearing is necessary, nor does it set forth the type of evidence the court would consider at such a hearing. Rather, the statute states the court must make a best-interests finding and set forth its reasons in writing for requiring DCFS to appear. We may not read into the statute exceptions, limitations or conditions which the legislature did not express. *Skokie Castings, Inc. v. Illinois Insurance Guaranty Fund*, 2013 IL 113873, ¶ 38, 998 N.E.2d 69.

¶ 21    The juvenile court's concern for protecting the best interests of the minors is commendable and appropriate given the nature of these proceedings. Nonetheless, the plain language of the statute makes clear that before requiring DCFS's appearance at hearings, the court must make an individualized finding that DCFS's appearance is in the best interests of the particular minor. Therefore, a blanket statement requiring DCFS's appearance at each hearing does not satisfy section 1-17 of the Juvenile Act. Trial courts are entitled, as required by statute, to have appearing before them private-agency caseworkers who have "personal and thorough knowledge of the facts of the case." 705 ILCS 405/1-17 (West 2012). Thus, if a private agency

fails to adhere to its statutory obligations, the trial court would be entitled to take appropriate action in that particular case.

¶ 22                                     III. CONCLUSION

¶ 23        For the reasons stated, we vacate the portion of the dispositional orders requiring a DCFS employee to attend all proceedings; we otherwise affirm.

¶ 24        Affirmed in part and vacated in part.